Milton Harding **RUTLEDGE**, Petitioner,

v.

Bob **TURNER**, Sheriff, Oklahoma County, et al., Respondents.

No. A–17292.

Court of Criminal Appeals of Oklahoma.

March 8, 1972.

120

Russell B. Fister, Asst. Public Defender, Oklahoma County, for petitioner.

Larry Derryberry, Atty. Gen., for respondents.

SIMMS, Judge:

Defendant was convicted upon plea of guilty to the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor on November 30, 1971, in the District Court of Oklahoma County, and sentenced to a term of ninety (90) days in the Oklahoma County Jail and to pay a fine of $200.00, and the costs of the case. Defendant was also convicted of the offense of Operating a Motor Vehicle While Under Suspension, arising from the same transaction, upon a plea of guilty and adjudged to pay a fine of $50.00 and costs of the case.

Defendant's ninety day jail sentence was served to completion on January 31, 1972, but he was without funds to pay the fine imposed in either or both of the cases. Defendant filed an application for a writ of habeas corpus in the District Court of Oklahoma County and in the hearing on said writ, a transcript of which has been submitted as an exhibit to this Court, defendant clearly established that he was a pauper, unable to immediately pay the fines and costs, and petitioned the District Court in the habeas corpus proceeding to be released under a plan to pay the fine and costs in installments. Defendant testified he could pay the fines if permitted to return to his employment as a carpenter.

The application for writ of habeas corpus was denied by the trial court, and defendant returned to the custody of the Sheriff of Oklahoma County to complete serving the unpaid fines and costs at the statutory rate of $5.00 per day.

Defendant thereafter filed an original action in habeas corpus in this Court, a hearing was held, and the writ of habeas corpus conditionally granted; in that, it was the Order of this Court that the trial court conduct a hearing to determine the reasonable amount of installment payment to be made and the due dates of the installments, with the additional directive that if defendant refused or neglected to pay the installments upon the unpaid fine and costs when due, he was to be imprisoned. The Order in the habeas corpus proceedings in this Court recited that a formal opinion was to follow.

Because imprisonment for non-payment of fines by a person unable to pay same is a matter of first impression before this Court, we will attempt to treat it in depth and establish certain guidelines for the trial courts of this State, as well as the various municipal courts.

This issue was first called to the attention of the Supreme Court of the United States in Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586, decided June 29, 1970, wherein it was held:

"A statute permitting a sentence of both imprisonment and fine cannot be parlayed into a longer term of imprisonment than is fixed by the statute since to do so would be to accomplish indirectly as to an indigent that which cannot be done directly. We have no occasion to reach the question whether a State is precluded in any other circumstances from holding an indigent accountable for a fine by use of a penal sanction. We hold only that the Equal Protection Clause of the Fourteenth Amendment requires that the statutory ceiling placed on imprisonment for any substantive offense be the same for all defendants irrespective of their economic status." 399 U.S., at 243, 244, 90 S.Ct., at 2023.

A close reading of *Williams*, supra, brings one to the conclusion that the Court was holding simply that the *maximum* term of imprisonment for the offense could not be extended beyond that term by reason of inability to pay fine and/or costs.

Also, on June 29, 1970, in Morris v. Schoonfield, Warden, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773, Mr. Justice White, with whom Mr. Justice Douglas, Mr. Justice Brennan, and Mr. Justice Marshall concurred, wrote:

"However, I deem it appropriate to state my view that the same constitutional defect condemned in Williams also inheres

in jailing an indigent for failing to make immediate payment of any fine, whether or not the fine is accompanied by a jail term and whether or not the jail term of the indigent extends beyond the maximum term that may be imposed on a person willing and able to pay a fine. In each case, the Constitution prohibits the State from imposing a fine as a sentence and then automatically converting it into a jail term solely because the defendant is indigent and cannot forthwith pay the fine in full. As I understand it, Williams v. Illinois does not mean that a State cannot jail a person who has the means to pay a fine but refuses or neglects to do so. * * * * But Williams means, at minimum, that in imposing fines as punishment for criminal conduct more care must be taken to provide for those whose lack of funds would otherwise automatically convert a fine into a jail sentence."

Following *Morris*, supra, on March 2, 1971, in Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130, Mr. Justice Brennan, in expressing the view of seven members of the Supreme Court, said:

"Although the instant case involves offenses punishable by fines only, petitioner's imprisonment for nonpayment constitutes precisely the same unconstitutional discrimination since, like Williams, petitioner was subjected to imprisonment solely because of his indigency. In Morris v. Schoonfield, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970), four members of the Court anticipated the problem of this case and stated the view, which we now adopt, that '. . . the same constitutional defect condemned in Williams also inheres in jailing an indigent for failing to make immediate payment of any fine, *whether or not the fine is accompanied by a jail term and whether or not the jail term of the indigent extends beyond the maximum term that may be imposed on a person willing and able to pay a fine.* * * * *'"

Mr. Justice Brennan further held in *Tate*, supra:

"We emphasize that our holding today does not suggest any constitutional infirmity in imprisonment of a defendant with the means to pay a fine who refuses or neglects to do so. Nor is our decision to be understood as precluding imprisonment as an enforcement method when alternative means are unsuccessful despite the defendant's reasonable efforts to satisfy the fines by those means; the determination of the constitutionality of imprisonment in that circumstance must await the presentation of a concrete case."

The Oklahoma Legislature, addressing itself to the question of imprisonment for non-payment of fine, enacted 22 O.S.1971, § 983, effective June 24, 1971. The statute provides as follows:

"A. Any defendant found guilty of an offense in any court of this state may be imprisoned for nonpayment of the fine and/or costs when the trial court finds that the defendant is financially able but refuses or neglects to pay the fine and/or costs. In no case may a sentence to pay a fine be converted into a jail sentence automatically, i. e., without a hearing and a judicial determination, memorialized of record, that the defendant is able to satisfy the fine and costs by payment but refuses or neglects so to do.

B. After a judicial determination that the defendant may be able to pay the fine and costs in installments, the court may order the fine and costs to be paid in installments and shall set the amount and due date of each installment."

The Oklahoma Statute must be construed in conjunction with the opinions of the United States Supreme Court above cited. In so doing, the following conclusions are inescapable, and shall be guidelines for all District Courts of this State, and Municipal Courts of this State, to follow:

1. When the judgment and sentence of a court, either in whole or in part, imposes a fine and/or costs upon a defendant, a judicial hearing shall be conducted

and judicial determination made as to the defendant's ability to immediately satisfy the fine and costs.[1]

2. If the defendant, by judicial finding, is able to immediately satisfy fine and/or costs, but refuses or neglects to do so, he may be immediately confined. If the defendant does immediately satisfy the fine and/or costs, no determination need be made.

3. If the court conducting the hearing, judicially determines that defendant is immediately unable to pay the fine and/or costs, or that, in case of a judgment of imprisonment and fine and/or costs, he is unable to satisfy that part of the judgment relating to fine and costs while in custody, a judicial determination shall be made as to defendant's ability to satisfy fine and/or costs by making payments in installments. In event of imprisonment as part of the judgment, a determination shall be made as to his ability to make installment payments after completion of the term of imprisonment.

4. After a judicial finding that the defendant may be able to pay the fine and/or costs in installments, the court may order the defendant to make payment of installments in reasonable amounts and fix the due date of each payment, the defendant to appear before the court on each due date.

5. If the defendant fails to make an installment payment when due, he must be given an opportunity to be heard as to his refusal or neglect to pay the installment when due. If no satisfactory explanation is given, the defendant may then be imprisoned. If, because of exigent circumstances or misfortune, defendant is unable to make payment of a particular installment when due, he should be given further opportunity to satisfy the fine and/or costs, this being within the discretion of the court, to be governed by the facts and circumstances of each particular case.

6. In the event the defendant, because of physical disability or poverty, is unable to pay fine and/or costs either immediately or in installment payments, he must be relieved of the fine and/or costs; or in the alternative, be required to report back to the court at times fixed by the court to determine if a change of condition has made it possible for the defendant to commence making installment payments toward the satisfaction of fine and/or costs.

1. Honorable Dick Jones, District Judge of Oklahoma County, pursuant to the order of this Court, conducted such a judicial hearing and entered the following order, which may act as guidelines for the trial judges of this State.

"Now, on this 24th day of February, 1972, there comes on for hearing before the undersigned Special Judge of the District Court of Oklahoma County, the question of Petitioner's ability to pay fine and costs adjudged against him in cases numbered CRM–71–1345 and CRT–71–10537 totaling the amount of $249.00. The Petitioner appeared in person and with his attorney, Russell Fister, and there appearing for the State Mr. Bill Bruce.

The Defendant was duly sworn and testified that he had no funds with which to pay said fine and costs and no assets of any kind which could be converted into cash to apply on said fine and costs. He did state that he had employment waiting for him at his job of a cornice carpenter. Upon inquiry being made by the Court, he stated that he could pay the sum of $40.00 every two weeks to apply on said fine and costs and the Court finds that this would be a reasonable amount.

IT IS THEREFORE ORDERED that the Defendant, Milton Harding Rutledge, pay the sum of $40.00 to the Clerk of the District Court of Oklahoma County on or about March 13, 1972, to apply on the fine and costs in the above-entitled and numbered cases and the additional sum of $40.00 each two weeks thereafter until said fine and costs are totally paid.

IT IS FURTHER ORDERED that, if the Defendant refuses or neglects to pay the $40.00 on or before the due date as herein set out, he shall be arrested and incarcerated in the County Jail of Oklahoma County until the fine and costs are discharged by imprisonment in accordance with the statutes applying to such imprisonment."

7. At any time so fixed by the court for the defendant to appear on due date of installment or to appear for examination to determine change of condition set out in paragraph 6 above, the defendant fails to appear, he may be imprisoned to satisfy the fine and/or costs.

8. A reporter should be present and report all such judicial hearings above referred to; and any order of the court, whether there be a court reporter in attendance or not, should be reduced to writing and filed of record in the case. Such order should set forth the findings of the court regarding defendant's ability or inability to pay fine and/or costs, his refusal or neglect to do so, if that be the case, the amount of the installments and due dates, if such be the order of the court, and all other findings of fact and conclusions of law necessary to support the order of the court.

Nothing in this opinion shall be construed to, in any manner, prohibit imposition of a term of imprisonment if the same is authorized by law, and nothing herein contained shall prohibit the court from fixing a future date for the payment of fine and/or costs in lieu of installment payments.

This writer recognizes that the procedure set forth in this opinion will burden the already overtaxed trial courts of this State, however, the guidelines above set out are essential to preservation of the intendments of the Fourteenth Amendment of our Federal Constitution and only through these procedures can we comply with the solemn pronouncements of the Supreme Court of the United States.

Title 22, O.S.1971, § 983(C), provides, also, that the Court of Criminal Appeals shall implement the statute by rule, to be distributed to all District Courts and Municipal Courts of the State by the Court Administrator. Paragraphs enumerated 1 thru 8, above, are hereby adopted as Supplemental Rules of the Court of Criminal Appeals, Part V, Procedure Relating to Imprisonment for Non-Payment of Fines, etc., For District Courts and Municipal Courts of the State of Oklahoma, and the Administrator of the Courts is ordered to forward copies of this opinion to all District and Municipal Court Judges in the State of Oklahoma, for future guidance.

By reason of the foregoing the Writ in this case was conditionally granted.

BUSSEY, P. J., and BRETT, J., concur.