Laura Lee **BRECHEEN** and Patrick Roger **Ellison, Petitioners,**

v.

The Honorable Edward **DYCUS ex rel. COURT OF RECORD, OKLAHOMA CITY, Respondent.**

No. P–76–134.

Court of Criminal Appeals of Oklahoma.
March 23, 1976.

Herbert K. Hyde, Jr., Oklahoma City, for petitioners.

Walter M. Powell, Municipal Counselor, Oklahoma City, C. Landers Blalock, Asst. Municipal Counselor, for respondent.

## OPINION

BLISS, Judge:

This is an original proceeding filed in this Court in which petitioners ask the Court to exercise original jurisdiction and issue writs of prohibition to the respondent to enjoin and prohibit respondent from proceeding further in each of two cases in the trial court, one styled *The City of Oklahoma City v. Laura Lee Brecheen,* Defendant, No. A–38983, and the other, *The City of Oklahoma v. Patrick Roger Ellison,* No. A–38882. In each case in January, 1976, the respondent ordered an appearance bond forfeiture and the issuance of a bench warrant for the arrest of the defendant because of failure of defendant and the attorney of record, Mr. Herbert K. Hyde, Jr., to appear for a pretrial conference at a stated time and place ordered by respondent and upon proper notice to the City Attorney and defendant's attorney.

We do proceed to exercise original jurisdiction herein.

The facts in each case are substantially the same and are as follows: The defendant was formally charged in the Municipal Court of Record, City of Oklahoma City, with the crime of Driving While Under the Influence of Intoxicating Liquor. Defendant entered a plea of not guilty and posted an approved appearance bond in an amount of Two Hundred Fifty Dollars ($250.00), and defendant's attorney entered his formal

appearance of record, and was advised of the setting of a pretrial conference. Neither said attorney nor defendant appeared at the pretrial conference. Whereupon the court declared and ordered a forfeiture of the appearance bond and the issuance of a bench warrant directing the arrest of the defendant. The court denied defendant's motion to set aside its action but allowed time to pursue the remedy of prohibition in this Court, staying further action pending the same.

The parties agree and the record reflects that respondent as Judge of said Municipal Court promulgated certain court rules, effective December 1, 1975, governing pretrial conferences, bond forfeitures and related matters in criminal cases, to-wit:

"Beginning December 1, 1975:

"1. If no one appears for a defendant at a regularly set pre-trial of which notice has been given, the defendant's bond shall be forfeited and a bench warrant issued for the said defendant's arrest at the end of the pre-trial docket.

"2. If no one appears for the City at a regularly set pre-trial, of which notice has been given, charges against the defendant will be dismissed at the end of the pre-trial docket.

"3. All evidence which either party has or intends to use at the trial shall be disclosed, upon request of the adversary party, at pre-trial.

"4. Bond forfeitures will be set aside and bench warrants recalled only at a personal appearance in open court, and for good cause shown.

"5. No disposition dates will be assigned from the docket on the day set for jury trial, nor will motions to amend the charge be accepted.

"Defendants who appear on the jury docket will have only two options: To go to trial or to plead guilty to the charge as it then stands.

"The City will have only two options: To go to trial or to dismiss the charge, which dismissal shall be with prejudice.

"Nothing in the rule, however, shall prohibit a case being continued to a later jury trial docket, either by agreement, or for good cause shown."

The respondent contends that the court had and has the inherent power to establish and enforce such rules in reference to pretrial conference in criminal cases pending before it, and upon failure to comply with the same to declare bond forfeitures and issue bench warrants for the arrest of the defaulting defendants under 22 O.S.1971, § 1108, to-wit:

"If, without sufficient excuse, the defendant neglects to appear according to the terms or conditions of the recognizance, bond or undertaking, either for hearing, arraignment, trial or judgment, or upon any other occasion when his presence in court or before the magistrate may be lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes, and the recognizance, bond or undertaking of bail, or the money deposited instead of bail, as the case may be, is and shall be thereupon declared forfeited. . . ."

The record in each case reflects that defendant's attorney had no legitimate excuse for his and defendant's failure to appear at the pretrial conference. Actually, it would appear the failure was intentional. Further, the record reflects, the pretrial conference was for hearing in a room other than the courtroom, not before a Judge of the court, but in a separate room in the "Municipal Court Annex", attended by the court's bailiff and the City Attorney. And in this particular the transcript shows the respondent judge commented, "a judge doesn't sit in on pretrial conferences in this court."

The defendant in each case asserts the court rules are without authority of law, unenforceable, and any order based upon an alleged violation of the same is void. Hence, there could be no forfeiture of bond and no legal issuance of a bench warrant.

We agree with the defendant. We know of no law nor power of court that permits the court to promulgate such rules, to order an accused to sit down in an anteroom to the court, out of the presence of the judge but attended by the bailiff and prosecuting attorney and there, among other requirements, forcibly to make known to his prosecutor all evidence he intends to use at his upcoming trial.

Such rules are violative of the rights guaranteed the accused under the Fifth Amendment to the Constitution of the United States:

"No person . . . . shall be compelled in any criminal case to be a witness against himself . . .."

as well as like protection under Article 2, Section 21 of the Oklahoma Constitution. From these constitutional provisions we have 22 O.S.1971, § 15:

"No person can be compelled in a criminal action to be witness against himself; . . . ."

We find the trial court without authority or power to make court rules for pretrial conferences in criminal cases.

The rules in question herein are void, as well as any order based upon their alleged violation. Accordingly, the order in each numbered case above stated declaring forfeiture of defendant's appearance bond and directing issuance of bench warrant calling for the arrest of the defendant is void nor is such order justified under 22 O.S.1971, § 1108.

Therefore, Writ of Prohibition is issued herein to the respondent in each of said numbered cases as shown above and the respondent is hereby prohibited from causing the defendant to be arrested under said bench warrant for alleged violation of said rules, which warrant shall be recalled and

defendant released, if now in custody, and to appear for trial at such time as respondent may order and direct.

BRETT, P. J. and BUSSEY, J., concur.