Samuel Rayfael BURKS, Appellant,

and

Sam J. Agee, Appellant,

v.

The STATE of Oklahoma, Appellee.

Nos. F–77–50, F–77–67.

Court of Criminal Appeals of Oklahoma.

Jan. 23, 1979.

Rehearing Denied May 15, 1979.

Alan R. Carlson, Garrison, Brown & Carlson, Bartlesville, for appellant Burks.

Rebecca L. Adams and Stephen B. Riley, Harris & Riley, Bartlesville, for appellant Agee.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Duane N. Rasmussen, Legal Intern., Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., for appellee.

Richard L. Dugger, Elk City, President, Oklahoma Dist. Atty.'s Assoc., C. Rabon Martin, President Oklahoma Criminal Lawyers' Assoc., Tulsa, for amicus curiae.

## OPINION

CORNISH, Presiding Judge:

Samuel Rayfael Burks and Sam J. Agee have appealed their convictions in the District Court, Washington County, of Robbery With Firearms. Although they were tried together, they were represented by separate counsel and have brought separate appeals. We have consolidated their appeals for the sake of convenience and judicial economy. At the trial, the State presented extensive testimony and evidence concerning a burglary and the larceny of an automobile committed the day after the robbery. Both appellants argue that it was error to introduce the commission of another crime into the trial and that their convictions should be reversed.

The general rule is that when one is put on trial, one is to be convicted—if at all—by evidence which shows one guilty of the offense charged; and proof that one is guilty of other offenses not connected with that for which one is on trial must be excluded. *Smith v. State*, 5 Okl.Cr. 67, 113 P. 204 (1911) and *Atnip v. State*, Okl.Cr., 564 P.2d 660 (1977). On the other hand, there are five generally accepted exceptions to this rule. Evidence of other offenses may be admissible where it tends to establish motive, intent, absence of mistake or accident, identity or a common scheme or plan which embraces the commission of two or more crimes so related to each other that proof of one tends to establish the other. *Miller v. State*, 13 Okl.Cr. 176, 163 P. 131 (1917), and *Atnip, supra.*[1]

We first note that the burglary cannot be considered to be a part of the res gestae of the robbery. The robbery was committed on June 16, 1975. In the subsequent automobile chase, the robbers' automobile was wrecked, and after a brief gun battle the robbers escaped on foot. Later that evening two men were captured, but in spite of an intensive search operation no

---

1. The Oklahoma Evidence Code, effective October 1, 1978, is consistent with prior law and provides under 12 O.S.Supp.1978, § 2404, ¶ B, as follows:

   "Evidence of other crimes or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

other suspects were discovered in the area. It would thus appear that at this point the remaining robbers had made good their escape, and the crime of robbery with firearms had come to an end.

On the afternoon of June 17, a house in the vicinity was burglarized. Later that day the appellants were arrested in Kansas. The car they were seen driving and the clothes they were wearing proved to have been taken in that burglary. At the robbery trial, a large portion of the State's case consisted of evidence of the burglary.

The burglary does not tend to establish a motive for the robbery. It does not tend to establish any intent for the robbery. Nor does it tend to establish the absence of mistake or accident relative to the commission of the robbery. The State contends that the evidence shows a common scheme or plan, arguing that when the appellants committed the robbery they had a scheme or plan to escape. But this is not a fact situation to which the "scheme or plan" exception applies.

Stated fully, the exception applies to evidence which tends to establish a "common scheme or plan embracing the commission of two or more crimes *so related to each other that proof of one tends to establish the other.*" *Atnip v. State, supra.* (Emphasis added) As we stated in *Hawkins v. State,* Okl.Cr., 419 P.2d 281 (1966), evidence of a crime other than the one charged may be admissible if it tends to show that there was a plan or system which subtended both crimes:

> ". . . Such as where the crime is committed to prepare the way for another and the commission of the second crime is made to depend upon the perpetration of the first. In that event the second becomes connected and a related transaction and the proof of the commission of the first becomes relevant to show the motive for the perpetration of the second. . . ." (Citations omitted) 419 P.2d at 284.

In the instant case, it would be absurd to argue that the appellants committed the robbery to facilitate the commission of the burglary. Nor can it be said that proof of the burglary tends to establish the robbery.

The State also argues that evidence of the burglary should have been admitted as tending to establish the identity of the appellants as the persons who committed the crime with which they were charged. It is true that by introducing evidence pertaining to the burglary the State was able to construct a hypothetical account of the appellants' activities from the time of the gun battle until the time they were arrested in Kansas, but this alone does not render the evidence admissible.

We have previously stated that "for evidence of other offenses to be admissible, there must be a visible connection between the crimes." *Roulston v. State,* Okl.Cr., 307 P.2d 861 (1957), citing *Pressley v. State,* 71 Okl.Cr. 436, 112 P.2d 809 (1941); *Nemecek v. State,* 72 Okl.Cr. 195, 114 P.2d 492, 135 A.L.R. 1149 (1941); *Herren v. State,* 75 Okl.Cr. 251, 130 P.2d 325 (1942); *Landon v. State,* 77 Okl.Cr. 190, 140 P.2d 242 (1943); *Byers v. State,* 78 Okl.Cr. 267, 147 P.2d 185 (1944). This is but another way of stating that in order to be admissible the evidence must have probative value. In the instant case, we hold that the evidence of the burglary did not have probative value with regard to the robbery. No one saw the appellants at or around the house which was burglarized. A telephone repair person saw a car with one black person in it, but he did not know that the house had been burglarized, or that the car had come from the house; nor was he able to identify anyone as the driver of the car. Nevertheless, knowing of the armed robbery committed in Bartlesville the previous day by four blacks, he wrote down the tag number and gave it to the police. The car was later seen in Coffeyville, Kansas, and at that time the appellants were the driver and the passenger. In the car there were a basket of clothes and two weapons taken from the burglarized house. The evidence strongly incriminates the appellants with the burglary of the house and the larceny of the automobile, but we are unable to perceive a connection between the burglary/larceny

and the armed robbery the previous day. We therefore hold that it was error to admit the evidence of the burglary in the robbery trial.

■ With regard to the defendant Agee, the error requires reversal. The evidence connecting him to the robbery was not great, and we cannot say that a jury would have returned a guilty verdict even had the evidence not been introduced. With regard to the defendant Burks, however, we hold that the erroneous admission of the evidence of the other crimes was harmless. The State's case against him was overwhelming, and we believe that the jury would have returned a verdict of guilty without the improper evidence.

Because of the nature of the issue, it is difficult to establish guidelines for determining whether an exception should be used in a particular case and, if so, which one, but we have become increasingly concerned with the number of cases in which error is committed in introducing evidence of the commission by a defendant of crimes other than the one for which the defendant is on trial. See, for instance, *Hauschildt v. State*, Okl.Cr., 554 P.2d 77 (1976); *Atnip v. State, supra; Oliver v. State*, Okl.Cr., 568 P.2d 1327 (1977); *Chandler v. State*, Okl.Cr., 572 P.2d 285 (1977); *Breshers v. State*, Okl.Cr., 572 P.2d 561 (1977); *Galindo v. State*, Okl.Cr., 573 P.2d 1217 (1978); and, *Robinson v. State*, Okl.Cr., 574 P.2d 1069 (1978). In addition, there have been a number of unpublished cases involving the same issue. The error has not necessitated reversal in all of these cases, but there has been error nonetheless. We are forced to conclude that some sort of guidelines are necessary in order to reduce the number of errors.

In *State v. Billstrom*, 276 Minn. 174, 149 N.W.2d 281 (1967), the Minnesota Supreme Court found it necessary to establish such guidelines. In that state, when a prosecutor seeks to introduce evidence of other crimes committed by a defendant, the prosecutor must comply with procedures requiring advance notice to the defendant, specification of the exception on which the State relies, establishment of a connection between the crime charged and the other offenses sought to be proved, a need on the part of the State to prove the other offenses in order to carry its burden of proof, proof of the other crimes by clear and convincing evidence, and limiting instructions, given both at the time the evidence is admitted and in the final charge to the jury. Subsequent to the Minnesota Court's action, the Louisiana Supreme Court, in *State v. Prieur*, La., 277 So.2d 126 (1973), cited *Billstrom* and adopted a similar set of rules. After careful consideration, we believe that such guidelines are necessary for prosecutions in this state. We therefore hold that in all prosecutions commenced after this date the following procedures shall be followed where the State seeks to introduce evidence of crimes other than the one charged:

■ (1) The State shall, within ten days before the trial, or at a pretrial hearing, whichever occurs first, furnish the defendant with a written statement of the other offenses it intends to show, described with the same particularity required of an indictment or information. (However, no such notice is required if the other offenses are prior convictions, or are actually a part of the res gestae of the crime charged and thus are not chargeable as separate offenses.) The requirement of notice gives the defendant an opportunity to obtain a pretrial determination on the admissibility of the evidence. However, as we stated in *Teegarden v. State*, Okl.Cr., 563 P.2d 660 (1977), with regard to motions in limine, a pretrial ruling is not binding on the trial court. In order to properly preserve an objection it must be raised again during trial.

(2) At the time the evidence is offered the prosecutor shall specify the exception under which the evidence is sought to be admitted.

(3) Regardless of the exception used, there must be a visible connection between the offense charged and the offense sought to be proved.

(4) There must be a showing by the State that the evidence of other crimes is necessary to support the State's burden of proof; that the evidence is not merely cumulative. Such evidence should not be admitted where it is a subterfuge for showing to the jury that the defendant is a person who deserves to be punished.

(5) The evidence of the defendant's commission of other crimes need not be established beyond a reasonable doubt, but the proof must be clear and convincing.

(6) At the time the evidence is received, and in the final instructions to the jury, the trial court shall admonish the jury that the defendant cannot be convicted for any crime other than the one with which he is charged and that the evidence of the other offense or offenses is admitted solely for a limited purpose.

(7) In the event the prosecution attempts to use evidence of other crimes in rebuttal, the trial court should conduct an in camera hearing to determine whether the evidence is admissible under the above guidelines.

We point out that these procedures do not relieve defense attorneys of the need to object to inadmissible evidence of other crimes. While the trial court must always give the limiting instructions, there is no need for the court to make a determination of admissibility unless the defendant raises an objection.

For the reasons discussed above, the judgment and sentence of the defendant Burks is *AFFIRMED*, and the judgment and sentence of the defendant Agee is *REVERSED* and *REMANDED* to the District Court for further proceedings consistent with this opinion.

BRETT, J., concurs.

BUSSEY, J., dissents.

1. *State v. Billstrom,* 276 Minn. 174, 149 N.W.2d 281 (1967), and *State v. Prieur,* La., 277 So.2d 126 (1973).

2. "Our Constitution specifically requires that the defendant be given notice of the offense for which he will stand trial . . . .. It permits

OPINION

CORNISH, Presiding Judge:

■ Both Samuel Rayfael Burks and Sam J. Agee were convicted of Robbery With Firearms and each sentenced to fifteen (15) years' imprisonment. On appeal, the cases were consolidated and, while the conviction of Burks was affirmed, the conviction of Agee was reversed. In that decision, we promulgated procedures to be followed when the State seeks to introduce evidence of crimes other than the one charged. *Burks v. State,* Okl.Cr., 594 P.2d 771 (F–77–50, F–77–67, 1979 [50 O.B.A.J. 133]). A petition for rehearing was filed by the State, appellant Burks and the Oklahoma District Attorneys' Association. Responding to these petitions were appellant Agee and the Oklahoma Criminal Defense Lawyers' Association.

The State asserts two grounds of error in its petition. First, it alleges that the Court of Criminal Appeals has promulgated rules of criminal procedure on the basis of neither statutory nor constitutional authority. Its second argument is that this Court has violated the doctrine of separation of powers by legislating rules to govern evidence of other crimes. Since these arguments so clearly interface each other, we will address them as one.

In establishing the "other crimes" guidelines, we were responding to a problem of perpetual existence in the trial courts of our state, where it is not uncommon to find the erroneous admission of evidence of crimes other than that for which the defendant is on trial. We cited the decisions of two sister states whose supreme courts have established similar guidelines.[1] The basis for at least one of those decisions rests upon constitutional considerations of due process, which apply in Oklahoma as well as in Louisiana.[2] In addition, standardization of

him full confrontation and cross-examination, . . . It requires due process and trial for the offense before an impartial jury." *State v. Prieur,* supra, at 130.

the application of the use of other crimes by trial courts assures all defendants equal protection of the law.

In denying this Court's authority to promulgate rules of criminal procedure, the State indicates that our authority is limited to instances specified in the Constitution and the Statutes, Art. VII, § 4, of the Oklahoma Constitution, a fact with which we agree. However, we are not thereby absolved from exercising our responsibility to determine the constitutionality of statutes relating to criminal proceedings, *Lawhorn v. Robertson,* Okl.Cr., 266 P.2d 1008 (1954), and it is in aid of this very process that we have set forth these guidelines, particularly in light of recurring misuse of other crimes at trials in this state.

The State cites *Jerry v. Pardon and Parole Board,* Okl.Cr., 546 P.2d 650 (1976), and *Johns v. Hess,* Okl.Cr., 546 P.2d 652 (1976), both of which are clearly distinguishable because they deal with noncriminal subject matter. On the contrary, in *Burks* we have exercised our authority to establish criteria for the constitutional application of a given statute, in aid of our appellate criminal jurisdiction. The State further contends that we must look to 22 Oklahoma Statutes for rules of criminal procedure and to the common law for instances not addressed by statute, 22 O.S.1971, §§ 8 and 9, citing also *Bingham v. State,* 82 Okl.Cr. 305, 169 P.2d 311 (1946). We agree. What the State fails to consider, however, is the character of the common law. Far from being a static entity, it is a continuously developing body of law, responsive to constitutional mandates upon statutory construction.

This Court has prohibited lower state courts from enacting rules of criminal procedure not authorized by statute.[3] The obvious motivation for our holding in *Breechen v. Dycus ex rel. Court of Rec., Okl. City,* Okl.Cr., 547 P.2d 980 (1976), was that the rules imposed by the lower court were not in aid of, but rather were in derogation of, the defendant's constitutional rights.

Not only is the State's argument that we have attempted to legislate specious, but it also belies a basic misunderstanding of the function of this judicial tribunal. It is the responsibility of this Court to construe the intent of pertinent criminal statutes in the manner in which they should have been implemented in light of constitutional standards. Due process of law requires that a defendant be given notice of the offense for which he is being tried so that he can adequately prepare his defense. He is further permitted to confront and cross-examine those witnesses who will be used against him, and this requires a prior knowledge of the offense and the circumstances so that he may intelligently exercise his constitutional rights.

It is obvious that what *Burks* has done is further delineate and clarify the constitutional application of 12 O.S.Supp.1978, § 2404, ¶ B, which is statutory enactment of common law. This statute permits evidence of other crimes for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." This does not exceed our jurisdiction, but is in aid or our appellate jurisdiction. It is apparent from our prior decisions that the use of such evidence has long created problems in the courts of our state, evidenced by the statement under the subcommittee's notes to Rule 404(b) of the New Evidence Code, now 12 O.S.Supp.1978, § 2404, ¶ (B), published in the Oklahoma Bar Journal, 47 O.B.A.J. 2621:

> "However, the highly prejudicial character of the evidence admissible under Rule 404(b) should suggest great caution in determining whether such evidence should be admissible under Rule 403."

*Burks* speaks to the integrity of evidence to be received at criminal trials and gives voice to clear legislative intent.

---

**3.** In *Breechen v. Dycus, ex rel. Court of Rec., Okl.City,* Okl.Cr., 547 P.2d 980 (1976), we prohibited the lower court from requiring the defendant to reveal his case at a pretrial conference, in violation of his Fifth Amendment rights and Art. II, § 21, of the Oklahoma Constitution, as further codified in 22 O.S.1971, § 15, that no person be compelled in a criminal action to be a witness against himself.

The *Burks* guidelines will enhance judicial efficiency by providing uniform standards for the introduction of evidence of other crimes and reducing misuse of a potentially dangerous rule of evidence. As in our other guideline cases, *Burks* will serve to minimize the confusion and misinterpretation that has existed to the present.[4]

It is therefore, the opinion of this Court that the petitions for rehearing should be, and the same are hereby, *DENIED.*

BUSSEY, J., dissents.

BRETT, J., concurs.

BUSSEY, Judge, dissenting:

I would affirm not only the Burks' conviction, but Agee's as well and leave the responsibility to the trial Judge in determining the admissibility of evidence of other crimes when properly objected to. Unquestionably this Court has the duty and responsibility of establishing guidelines for the benefit of the trial court and the parties litigant. In seeking to introduce evidence of other crimes the prosecution has the responsibility of demonstrating not only its probative value, but its admissibility; the defense has the responsibility of objecting

to the admission of prejudicial evidence; the trial court continues to have the responsibility of admitting or rejecting such evidence and if admitted instructing the jury on the limited purpose for which it is admitted. The procedures adopted by the majority are neither beneficial to the trial court nor the parties litigant in determining the admissibility of such evidence nor does it relieve this Court of the duty of reviewing this issue on appeal and I must therefore respectfully dissent to its adoption.

---

4. This Court has a history of providing guidelines for procedures to be followed in criminal trials. In *Paschall v. State,* 96 Okl.Cr. 198, 252 P.2d 175 (1952), we established the procedure by which defense counsel can preserve error when surprised by the endorsement of additional witnesses after commencement of trial. *Thompson v. State,* Okl.Cr., 438 P.2d 287 (1968), provided the guidelines for conducting a lineup in which a defendant is afforded due process. *Rutledge v. Turner,* Okl.Cr., 495 P.2d 119 (1972), set forth the procedure for imprisonment resulting from nonpayment of fines; the Court thus implemented 22 O.S.1971, § 983, and also insured equal protection of the law for both indigent and nonindigent. We adopted the juvenile certification guidelines suggested in *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), in *Sherfield v. State,* Okl.Cr., 511 P.2d 598 (1973). By so doing, we clarified 10 O.S.1971, § 1112, ¶ (b), which was not vague to the point of unconstitutionality, but in need of clarification to better implement it. In aid of statutory construction, this Court required that a jury to an obscenity trial must be instructed in accordance with the definition and standards established by the United States Supreme Court in *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d

419 (1973), *McCrary v. State,* Okl.Cr., 533 P.2d 629 (1974). Our holding in *Westerman v. State,* Okl.Cr., 525 P.2d 1359 (1974), was in response to a question of statutory construction when we interpreted the rules of the state administrative agency in charge of operating and maintaining breathalyzer equipment. To provide due process to defendants held in contempt of court, this Court adopted the Oklahoma Supreme Court decision in *State ex rel. Young v. Woodson,* Okl., 522 P.2d 1035 (1974), whereby the trial judge was provided guidelines for the use of his contempt power, *Smith v. State ex rel. Raburn,* Okl.Cr., 536 P.2d 976 (1975). *State v. Robinson,* Okl.Cr., 544 P.2d 545 (1975), provided the procedure by which a new information is filed when a criminal prosecution has been dismissed because the defendant's motion to suppress has been sustained. In light of relevant statutes and considerations of due process, we set forth guidelines for the procedure to be followed prior to a certification hearing, *J. T. P. v. State,* Okl.Cr., 544 P.2d 1270 (1975). In *King v. State,* Okl.Cr., 553 P.2d 529 (1976), we provided guidelines for the acceptance of a plea of guilty in light of such constitutional rights as confrontation of witnesses and jury trial.