**Johnnie Lewis McALPINE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–481.**

Court of Criminal Appeals of Oklahoma.

Sept. 21, 1981.

Ronald H. Mook, Thomas W. Burns, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Michael Avant-Pybas, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

CORNISH, Judge:

The appellant was convicted of Uttering a Forged Instrument. Punishment was assessed at four (4) years' imprisonment, three (3) of which were suspended. The appellant entered the First National Bank of Hominy on December 2, 1977, to deposit a check for $75,000.00, drawn on the account of Robert and Audrey Walker, purportedly signed by Robert Walker. Mrs. Walker contacted the authorities after receiving the check with the monthly bank statement, claiming that her husband, since deceased, had never signed the check. An expert witness testified that the signature on the $75,000.00 check did not match the signature on other checks signed by Mr. Walker.

The appellant, first, asserts that his constitutional right to protection against double jeopardy was violated. Evidence of the forgery was introduced, as proof of motive, in a prior trial, in which the appellant was tried and acquitted for the first degree murder of Robert Walker.

This court recently reviewed the law pertaining to double jeopardy in *Johnson v. State*, 611 P.2d 1137 (Okl.Cr.1980). In that case, we examined the two accepted tests, the "same evidence" test and the "same transaction" test, which determine whether a defendant's double jeopardy rights have been violated. After reviewing the instant case, we find that the appellant's double jeopardy rights were not violated, regardless of which test is used.

First, it is urged that it is unnecessary for the State to prove any additional fact in the instant case, of Uttering a Forged Instrument, than was required to be prove in the appellant's prior first degree murder trial. Uttering a forged instrument is not an element of first degree murder, nor are the elements of both crimes the same, as required by the same evidence test to prevent multiple prosecutions. Proof of the crime of uttering a forged instrument was simply

the *means* used by the prosecution in the murder trial to show motive for the murder, thereby establishing the element of malice.

Uttering a forged instrument is not a lesser included offense in the crime of first degree murder, as the appellant further urges. He cites *Harris v. State of Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), as authority. In that case, a felony murder prosecution, the United States Supreme Court held that a person tried and convicted of a crime which includes lesser crimes cannot be subsequently tried for one of these lesser crimes. In felony murder, proof of the underlying felony suffices as proof of the requisite element, malice aforethought. However, a felony murder is not an issue in the instant case, nor in his prior prosecution. It was not necessary to prove the specific crime, uttering a forged instrument, to supply the element of malice for the murder charge. In felony murder cases, the underlying felony *must* be proved. In this case, proof of another crime was used to prove motive. Furthermore, evidence of the forgery in the former case was properly admitted as evidence of other crimes to show motive, pursuant to the Oklahoma Evidence Code, 12 O.S.Supp.1980, § 2404.

The appellant's final theory under this assignment of error is that the crime of uttering a forged instrument was part of the *res gestae* of the murder and, therefore, not chargeable as a separate offense. He cites *Burks v. State*, 594 P.2d 771 (Okl.Cr. 1979), as authority. The appellant has misconstrued the holding of *Burks*. He indicates that *Burks* relates to *being charged* with other crimes. However, a careful reading of the case reveals that it pertains to the admissibility of evidence of other crimes *at trial*. This Court, in fact, held in *Burks* that if prior offenses were part of the *res gestae* of the crime charged, then no notice to the opponent is required *before* introducing it at trial. The appellant has indirectly attempted to invoke the same transaction test by claiming that the crimes of uttering a forged instrument and murder should be considered as part of *one* criminal act, barring the present prosecution. How-

ever, that test is totally inapplicable to this case. The two crimes occurred neither close in time, nor place, and cannot be said to be part of one transaction or criminal episode. They were two separate and distinct offenses and should be prosecuted as such.

■ It is argued in the second assignment of error that the trial court erred by allowing into evidence the appellant's bank records, which he claims were obtained without a search warrant or a showing of probable cause. He further cites to cases which hold that all searches are unreasonable without a warrant, unless they fall within certain exceptions. However, these cases refer to situations which require protection under the Fourth Amendment from unreasonable searches and seizures. The issue here is whether the appellant's bank records come within that protected area.

The United States Supreme Court held in *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), that the Fourth Amendment protects a person's legitimate and reasonable expectations of privacy. The State argues that the appellant cannot legitimately, or reasonably expect that his bank records can remain private. We agree.

The Supreme Court, in *United States v. Miller*, 425 U.S. 435, 443, 96 S.Ct. 1619, 1624, 48 L.Ed.2d 71 (1976), held that bank records do not come within the category of legitimate expectations of privacy, and that the subpoenas used to obtain the records did not violate the defendant's Fourth Amendment rights. The Court stated, "The checks are not confidential communications but negotiable instruments to be used in commercial transactions. All of the documents obtained, including financial statements and deposit slips, contain only information voluntarily conveyed to the banks and exposed to their employees in the ordinary course of business."

We hold that the trial court was correct in allowing the appellant's bank records into evidence pursuant to a court order. Based on the law at the time in question, the procedure followed by the State in obtaining the records was correct.

The judgment and sentence is hereby AF-FIRMED.

BRETT, P. J., concurs.

BUSSEY, J., concurs in results.