James Edward CRAIN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-82-88.

Court of Criminal Appeals of Oklahoma.

Oct. 27, 1982.

David Miller, Asst. Public Defender, Oklahoma County, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge:

The appellant, James Edward Crain, was convicted in Oklahoma County District Court, Case No. CRF–81–2979, of Pointing a Firearm at Another, and Assault and Battery With a Dangerous Weapon, After Former Conviction of a Felony, was sentenced to five (5) and twenty (20) years' imprisonment, respectively, and he appeals.

Testimony was received at trial that the appellant and Joyce Crain, who were divorced but living together, became embroiled in an argument on June 27, 1981, which culminated with the appellant firing shots from a pistol at Joyce, one of which hit her in the left shoulder as she ran to a neighbor's house. As the neighbor, Brenda Nichols, was telephoning the police, the appellant entered her home and pointed the gun at her. Officer Clark, who responded to the call, arrested the appellant and found a gun in the grass where Joyce Crain told him James had thrown it; it contained three live and three spent shells. The appellant took the stand and denied shooting his wife or pointing a gun at Ms. Nichols; rather, he maintained that Joyce's wound occurred when he hit her with a corner of an ashtray.

The appellant argues that the cumulative effect of the prosecutor's referral to him as the "criminal defendant" on thirteen (13) occasions prejudiced him, was evidence of "other crimes," and violated the holding of *Burks v. State,* 594 P.2d 771 (Okl.Cr.App.1979).

Although we do not condone the use of the adjective "criminal" by the prosecutor, in referring to Crain, we do not find that the use of such term is a violation of Burks, supra, as the appellant alleges. Furthermore, the appellant has failed to demonstrate that he was prejudiced thereby.

Moreover, the appellant has not properly preserved the issue for appeal, as a review of the record reflects that he wholly failed to object to the use of the term during trial, and such an issue was not presented in his motion for new trial nor in his petition in error. *Butler v. State,* 645 P.2d 1030 (Okl.Cr.App.1982). In view of the overwhelming evidence of the guilt of the appellant, and finding no error which is jurisdictional or fundamental in character which would justify modification or reversal, the judgments and sentences appealed from are AFFIRMED.

BRETT, P.J., and CORNISH, J., concur.