Ronald Joseph LAFAYETTE, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–83–81.

Court of Criminal Appeals of Oklahoma.

Jan. 8, 1985.

As Corrected Jan. 11, 1985.

Oklahoma County Public Defender's Office, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Susan Brimer Agosta, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Ronald Joseph Lafayette was convicted of Indecent or Lewd Acts with a Child Under the Age of Fourteen, After Former Conviction of a Felony, Case No. CRF–82–2972, and sentenced to twenty-seven (27) years imprisonment from the District Court of Oklahoma County, Oklahoma, and appeals.

On June 12, 1982, the appellant was living at the D. home. He had been invited to stay in the home by Mrs. D. until his financial situation improved. The five year old victim testified that on the afternoon of June 12th, she was awakened by the appellant when he moved her from the bedroom

where she was napping with her brother. Her parents were sleeping in the next room.

She stated that the appellant took her to a couch in another room, where he "put his hand in my britches." After fondling her genital area, the defendant asked, "Do you want to go lay with me?", to which the victim answered, "No." The girl said he threatened to harm her if she told anyone what had occurred. She also testified that the appellant had committed the same act on her twice previously.

Mrs. D. learned of the incident from her daughter two days later. She confronted the defendant with the allegation, and he admitted that he fondled the girl. He begged the mother not to say anything about it.

William Thomas Terhune, an officer with the Oklahoma City Police Department, testified that he arrested the defendant on June 17th. While he was reading the *Miranda* warnings and advising the defendant on the cause of the arrest, the appellant informed the officer that he "knew what it was about."

Jewell Faye Smith, a detective with the Oklahoma City Police Department, stated that the defendant denied the act when she interviewed him and that he blamed the accusation on Mrs. D.'s jealousy over another woman.

The defendant did not take the stand or call witnesses in his own behalf.

The sole contention of error on appeal is that the trial court erred in allowing the introduction of other crimes evidence. The appellant urges that the victim's comments on the previous acts that he had allegedly committed on her had a prejudicial effect on the jury.

■ At the outset, we recognize: "The rule is fundamental that evidence of separate and similar offenses is not admissible against an accused on trial for another separate and similar offense." *Bruner v. State*, 612 P.2d 1375, 1377 (Okl.Cr.1980) citing, *Atnip v. State*, 564 P.2d 660 (Okl.Cr. 1977). However, this Court, in *Burks v.*

*State*, 594 P.2d 771 (Okl.Cr.1979), recognized five exceptions which allow evidence of other crimes to be presented to the jury. Where the other offenses tend to establish motive, intent, absence of mistake or accident, identity or a common scheme or plan, the evidence may be allowed if the prosecution can establish a visible connection between the crimes. *Id.* at 772.

■ We must examine the present case in light of the guidelines laid out by the Court in *Burks*, supra, to determine if the trial court was in error. The state is first required to provide the defense with written notice of the other crimes to be shown within ten days prior to trial. *Id.* at 774. The transcript shows that such notice was given within the prescribed period, yet no copy is provided in the record, so we cannot consider any error arising from the document. *Wright v. State*, 559 P.2d 852, 855 (Okl.Cr.1977). The court likewise cannot determine completely which exception was utilized by the state because the motion to allow the other crimes evidence is not included in the record. According to the closing instructions, the exceptions of motive, opportunity and intent were specified.

■ The trial court accepted the state's argument that there was a visible connection between the offense charged and the offenses to be utilized. We find that the close proximity in time (three attacks within a two day period), the manner of the acts, and the fact that all three acts involved the same victim constitutes a visible connection sufficient to allow the evidence under *Burks*, supra.

The evidence did support the state's burden of proof by tending to establish intent and opportunity. The evidence does not appear to be merely cumulative.

While the only proof of the other offenses was the testimony of the victim, her testimony was apparently clear and convincing to the jury entrusted with the responsibility of weighing the credibility of the witnesses. We find no abuse of their duty in our review of the record.

■ The trial judge is to admonish the jury, both at the time the evidence is introduced and during the final instructions, that other crimes evidence is to be used for a very narrow purpose, both at the time the evidence is introduced and during the final instructions. *Burks*, supra at 775. In the instant case, no instruction was issued when the evidence was introduced. The trial court issued the following instruction to the jury before they retired:

> "Evidence has been received that the defendant ,has allegedly committed offenses other than that charged in the Information. You may not consider this evidence as in any way tending to prove the guilt or innocence of the defendant of the specific offense charged in the Information. This evidence has been received solely on the issue of the defendant's motive, opportunity, or intent. This evidence is to be considered by you only for the limited purpose for which it was received."

We strongly urge and recommend the giving of an admonishment when the evidence is introduced. In this case, however, the closing instructions effectively limited the jury's use of this evidence and cured any possible error arising from the prior omission.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, J., concurs.

BUSSEY, P.J., concurs in results.