Everett Charles HOLT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–87–339.

Court of Criminal Appeals of Oklahoma.

May 23, 1989.

18. Title 15 U.S.C. § 3320 (1978), see note 5, supra.

19. *Post Oak Oil Co. v. Okla. Tax Comm'n*, see note 8, supra.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Vice Presiding Judge:

Everett Charles Holt, appellant, was tried by jury and convicted of First Degree Burglary (21 O.S.1981, § 1431), Aggravated Assault and Battery (21 O.S.1981, § 646), and Assault and Battery (21 O.S. 1981, § 644), After Former Conviction of Two or More Felonies (21 O.S.Supp.1985, § 51(B)), in Case No. CRF–86–315, in Muskogee County District Court, before the Honorable Lyle Burris, District Judge. The jury set punishment respectively at twenty (20) years imprisonment, twelve (12) months and one (1) day in the county jail. Judgment and sentence was imposed accordingly, the sentences to run concurrently. We affirm.

Around 5:00 a.m. on July 5, 1986, appellant ripped off a screen and entered his ex-wife's apartment through the window. Appellant found Mrs. Holt alone in her bedroom and began beating her with his fists. When a female friend intervened, appellant struck the guest. Mrs. Holt suffered injuries including a concussion, a broken cheek bone, a fractured nose, and two black eyes. Appellant defended at trial on the theories he was intoxicated and could not burglarize his own dwelling.

The sole issue presented is whether the trial court erred in admitting evidence that appellant had twice violated a protective order issued pursuant to the Protection from Domestic Abuse Act [hereinafter the Act], 22 O.S.Supp.1985, §§ 60–60.7, contrary to *Burks v. State*, 594 P.2d 771 (Okla. Crim.App.1979).

First, we must decide whether the violation of a protective order is evidence of "other crimes or acts" governed by 12 O.S.1981, § 2404(B). When the State seeks to introduce evidence of a crime other than the one charged, it must comply with the procedures in *Burks*, 594 P.2d at 774–75. Evidence of "other crimes or acts" is prohibited absent a recognized exception. *See* 12 O.S.1981, § 2404(B). An act that is not a violation of the criminal law is nonetheless governed by Section 2404(B) where it carries a stigma that could unduly prejudice an accused in the eyes of the jury. *Freeman v. State*, 767 P.2d 1354, 1355 (Okla.Crim.App.1988).

A Court of Appeals decision held the Act to be civil in nature in *Marquette v. Marquette*, 686 P.2d 990, 993–94 (Okla.App. 1984). However, *Marquette* is not controlling here for several reasons: (1) *Marquette* involved an appeal from the *issuance* of a protective order, whereas the instant case involves the *violation* of a protective order; (2) A plain reading of the Act shows that the violation of a protective order is a misdemeanor under 22 O.S.Supp. 1985, § 60.6; and (3) the violation of a protective order is punishable by fine, imprisonment, or both, thereby falling within the statutory definition of a crime. *See* 21 O.S.1981, § 3. On the basis of the fore-

going, we hold that the violation of a protective order under 22 O.S.Supp.1985, § 60.6 constitutes a crime. *Cf. Gilbert v. State*, 765 P.2d 1208 (Okla.Crim.App.1988).

Second, we must address admission of the evidence under *Burks*. Appellant concedes the prosecutor timely filed a *Burks* notice, but complains it did not specify what exception would be relied upon for admission. There is no such requirement in *Burks*, which compels the prosecutor to specify the exception under which the evidence is sought to be admitted "[a]t the time the evidence is offered...." *Burks*, 594 P.2d at 774. On the morning of trial, during an *in camera* hearing on appellant's motion in limine, the prosecutor offered the evidence to prove motive and/or intent. The trial judge admitted it to prove motive, absence of mistake, and common scheme. *See* 12 O.S.1981, § 2404(B). We find no error.

In addition, we believe appellant's prior contacts with the victim were relevant to prove motive and/or intent. *See Russell v. State*, 654 P.2d 1058, 1064 (Okla.Crim. App.1982). Such relevancy demonstrates a "visible connection" between the other crime evidence and the charged offenses. *See Henderson v. State*, 695 P.2d 879, 882 (Okla.Crim.App.1985). Contrary to appellant's assertions, we do not agree the evidence was merely cumulative and unnecessary to support the State's burden of proof. *Burks*, 594 P.2d at 775. Further, we cannot say the probative value of the evidence was substantially outweighed by its prejudicial effect. *Id. See* 12 O.S.1981, § 2403. Moreover, a party cannot complain of error invited by questioning. *See Penn v. State*, 684 P.2d 562, 564 (Okla.Crim.App.1984). Here, defense counsel elicited the underlying details of the violations of the protective order on cross-examination of the victim. On the record before us, we find that the requirements of *Burks* were satisfied, and therefore the trial court did not abuse its discretion in admitting the evidence. *See Aylor v. State*, 742 P.2d 591, 593 (Okla. Crim.App.1987).

Finally, appellant claims the trial court committed reversible error in failing to admonish the jury at the time the other crime evidence was admitted and in failing to give a limiting instruction. We hold that where a defendant fails to object to the lack of admonishment or instruction and does not request a limiting instruction, all but fundamental error is waived. *See Jones v. State*, 772 P.2d 922, 924–25 (Okla. Crim.App.1989); *Drew v. State*, 771 P.2d 224, 230 (Okla.Crim.App.1989); *Hainey v. State*, 740 P.2d 146, 151 (Okla.Crim.App. 1987); *Sweatte v. State*, 732 P.2d 476, 477 (Okla.Crim.App.1987). We find no fundamental error here.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and BUSSEY, LANE and LUMPKIN, JJ., concur.