**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 2, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSEPH TRUSKOLASKI,

     Petitioner - Appellant,

v.

JOE M. ALLBAUGH, Director,

     Respondent - Appellee.

No. 17-5119
(D.C. No. 4:13-CV-00610-CVE-FHM)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **PHILLIPS** and **McHUGH**, Circuit Judges.
_____

Joseph Truskolaski, an Oklahoma prisoner proceeding pro se, seeks to appeal the

district court's dismissal of his Fed. R. Civ. P. 60(b) motion. The district court dismissed

the motion as an unauthorized successive application for a writ of habeas corpus. We

deny a certificate of appealability (COA) and dismiss this proceeding.

In 2011, an Oklahoma jury convicted Mr. Truskolaski of first-degree manslaughter

and he was sentenced to 35 years' imprisonment. The Oklahoma Court of Criminal

Appeals (OCCA) affirmed the trial court's judgment and sentence.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2013, Mr. Truskolaski filed his application for a writ of habeas corpus under 28 U.S.C. § 2254.  Two of his claims are relevant to this appeal:  that "[p]rosecutorial misconduct deprived [him] of [a] fair trial," and that "the trial Court abused [its] discretion by not granting [a] mistrial when the prosecutor repeatedly failed to comply with [its notice under *Burks v. State*, 594 P.2d 771, 774-75 (Okla. Crim. App. 1979), *overruled in part on other grounds by Jones v. State,* 772 P.2d 922, 925 (Okla. Crim. App. 1989)][1] and prior ruling(s) of the Court concerning that notice."  R., Vol. I at 8, 22. The district court denied the application in 2016.  Mr. Truskolaski did not appeal from the denial.

In 2017, Mr. Truskolaski filed his Rule 60(b) motion.  The motion raised two arguments:  (1) that both the OCCA and the federal habeas court had failed to address his claim "that he was denied [a] fair sentencing proceeding due to the prosecutor's failure to comply with [its] own [*Burks* notice]," and (2) that evidence admitted at his trial in violation of the *Burks* notice deprived him of due process.  *Id.* at 190.  The district court concluded that it had previously considered both Mr. Truskolaski's prosecutorial misconduct and mistrial claims, his Rule 60(b) motion merely sought to revisit the merits of its denial of those claims, and the motion should therefore be treated as a successive habeas application.  Because Mr. Truskolaski had not obtained authorization from this court to file a successive habeas application, the district court dismissed the motion

---

[1] *Burks* requires the state to provide the defendant with notice of other crimes evidence it plans to introduce at trial.  *See Hale v. Gibson*, 227 F.3d 1298, 1321 (10th Cir. 2000).  "[T]he purpose of *Burks* notice is to ensure that the defendant is not surprised by the admission of other crimes evidence, and to allow the defendant time to be heard on the other crimes evidence before it is presented to the jury."  *Id.*

without prejudice for lack of jurisdiction. On limited remand, the district court later denied Mr. Truskolaski a COA.

Mr. Truskolaski must obtain a COA to pursue an appeal. *See* 28 U.S.C. § 2253(c)(1)(A). Because the district court's ruling rests on procedural grounds, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

"[A] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). But "it is a 'true' 60(b) motion if it . . . challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1215-16. Mr. Truskolaski contends that a defect in the integrity of his habeas proceeding occurred when the district court failed to address his contention that he had been denied a fair *sentencing* determination. He complains that the district court determined only that his *trial* was not fundamentally unfair, and failed to make a similar finding concerning his sentence.

On the surface, this claim would appear to present a "true" 60(b) claim. *See Spitznas*, 464 F.3d at 1225 ("Mr. Spitznas's contention that the district court failed to consider one of his habeas claims represents a 'true' 60(b) claim. It asserts a defect in the integrity of the federal habeas proceedings."). But on closer inspection, we are confident

3

that what Mr. Truskolaski really seeks is to assert a new federal basis for relief from his conviction. The bulk of his state and federal pleadings addressed the effect of the alleged *Burks* errors on his *trial* and contained only scattered, cursory references to a "fair trial and a fair sentencing." It was not until his federal habeas reply brief that he began to advance an argument why the trial errors he complained of in his *Burks*-related issues might have had an impact on the jury's recommended sentence. Even in the reply brief, however, he only presented generalized allegations about his sentence and did not truly present a discrete claim concerning this issue.

In addition, *Burks*, which forms the lynchpin of his argument, was concerned with the effect of uncharged criminal conduct on the defendant's *conviction at trial*. *See Burks*, 594 P.2d at 774-75. An argument for deprivation of due process at *sentencing* based on the concerns expressed in *Burks* required more specificity, clarity and explanation than Mr. Truskolaski devoted to this issue. *Cf. Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012) (stating petitioner must present the substance of his claim to the state courts "in a manner sufficient to put the courts on notice of the federal constitutional claim"). Thus, his Rule 60(b) motion represented an attempt to present a new sentencing-related claim. Reasonable jurists could not debate the district court's procedural decision to treat this claim as a second or successive claim.

Reasonable jurists also could not debate the district court's determination that the remainder of Mr. Truskolaski's Rule 60(b) motion in substance or effect asserts or reasserts a federal basis for relief from his underlying conviction, and is therefore an unauthorized second-or-successive application. *See Spitznas*, 464 F.3d at 1215. Without

4

authorization, the district court had no jurisdiction to consider the Rule 60(b) motion and appropriately dismissed it. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

We deny a COA and dismiss this proceeding. We grant Mr. Truskolaski's motion to proceed in forma pauperis.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk