**Vivian Marie HAYNES, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–87–296.**

Court of Criminal Appeals of Oklahoma.

Aug. 22, 1988.

Gloyd McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Vivian Marie Haynes, appellant, entered a plea of guilty on April 3, 1984, to three counts of Embezzlement by Trustee (21 O.S.1981, § 1454), in Case No. CRF–84–68, in the District Court of Oklahoma County, the Honorable Charles Owens, District Judge, presiding. We affirm.

After accepting the guilty plea, the trial court deferred sentencing for two years upon condition that appellant make restitution in the amount of $6,721, at the rate of $293 per month beginning on May 1, 1984, pay court costs of $190, pay $60 into the victim compensation fund, and pay $10 per month for probation costs in accordance with 22 O.S.1981, § 991c. Appellant expressly agreed to these conditions. Between the period from May 1, 1984, to February 1, 1985, appellant paid $873 in restitution and $36 in probation fees.

On February 6, 1985, the State filed an application to accelerate sentencing date because appellant had violated the terms of her deferred sentence. Appellant was arrested pursuant to a warrant on October 9, 1985, brought before the court, and released on $2,000 bond. After several continuances for the benefit of appellant, the court heard the State's motion, the Honorable William H. Henderson, presiding.

The court found appellant's failure to comply with the conditions of her deferred sentence to be willful and sentenced her to a term of imprisonment of four (4) years on each count of Embezzlement by Trustee, the sentences to run concurrently. In accordance with 22 O.S.1981, § 991a, the court suspended the sentence upon condition that appellant pay $163 per month, the payments to be applied first towards court costs, the victim compensation fund and probation costs. Thereafter, all payments would be applied to restitution in the amount of $5,848. From this final order appellant timely appeals.

At the hearing to accelerate deferred sentencing, appellant and her probation officer testified. The facts adduced at this hearing revealed appellant was employed

as a secretary from April 3, 1984, until time of the hearing on October 24, 1986. Her monthly salary during this period was $852 until she received a raise, at which time her monthly salary was increased to $1,150. Because of her financial difficulty in raising two children as a single parent without benefit of child support, appellant made sporadic payments between April of 1984 until February of 1985. From February of 1985 until the hearing on October 24, 1986, appellant paid nothing towards restitution or costs. Appellant never petitioned the court for remission or for a change in the terms of the order of restitution and costs. Appellant testified at the hearing that she could afford to pay $163 per month towards the conditions imposed. After presentation of evidence, the court found:

> [T]he application is supported by a preponderance of the evidence, and I find that she did violate her probation. The evidence shows that she has not made, and she has admitted not making a payment since February of 1985, being employed. And I would point out that she didn't even pay a dollar or five dollars or ten, didn't try to make any sort of payment.
>
> It appears to me that she found out in 1985 that she could get away with it and just simply quit making payments. That's what it appears to me. I do find her guilty of failing to pay the VCA. I find her guilty of failing to pay court costs and probation fees and restitution, which total at this time $6,302.00.
>
> .     .     .     .     .
>
> The Court's going to order that your sentencing date be accelerated to today by reason of that violation. I'm going to order you confined under the supervision of the Department of Corrections for a term of four years. However, I'm going to suspend that four years, conditioned upon you keeping a new schedule that I'm going to give you, that's in keeping with what you told me on the witness stand you could pay. Now, you told me that you could pay $163.00 a month. That's going to be part of the condition that you pay $163.00 a month, $81.50 on

the first of the month and $81.50 on the 15th of the month. Now those are the dates you get paid. That's beginning the first day of November 1986. It will take you almost four years, Mrs. Haynes, at that rate to pay out the court costs that you owe and the restitution.

We first determine what this case is *not* about. This is not a case where appellant's indigency prevented her from paying costs in advance, or denied her the right to defend at trial, or denied her an adequate appellate review. *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). Appellant was represented by privately retained counsel when she pled guilty and agreed to make restitution and pay costs as a condition of her deferred sentence. She was also represented by privately retained counsel at the hearing to accelerate the deferred sentence. Appellant is not an indigent; rather, during the relevant period she was gainfully employed as a secretary at an annual salary of $13,800.

This is not a case where an indigent was confined beyond the maximum term specified by statute as a result of involuntary nonpayment of a fine or court costs. *Williams v. Illinois,* 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). Nor is this a case where punishment may be only by fine and the State converted the fine to imprisonment because of inability to pay. *Tate v. Short,* 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed. 2d 130 (1971). Embezzlement by trustee is punishable by imprisonment for a term not exceeding five (5) years for each count. Appellant was subject to a term of imprisonment not to exceed fifteen (15) years for the three counts. The payment of restitution and costs to which appellant agreed as a condition to deferral of sentence was imposed as a substitution for, not in addition to, imprisonment.

Finally, this is not a case where appellant was imprisoned because she failed to make restitution through no fault of her own. *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). The fatal flaw in appellant's reasoning in relying on *Bearden* is two-fold. First, the court found appellant's failure to pay resti-

tution and costs willful and she had the ability to pay. Second, appellant has not been imprisoned. Whether the court may imprison appellant for violation of the conditions of her suspended sentence for failure to pay restitution and costs is not ripe for review because appellant has not been deprived of her liberty. Appellant's reliance on *Griffin, Williams, Tate* and *Bearden* is misplaced.

Having determined what this case is *not* about, our review is confined to a determination of whether the court exceeded its jurisdiction or abused its discretion under 22 O.S.1981, §§ 991c, 991a and 983.

Title 22 O.S.1981, § 991c provides that [u]pon a verdict or plea of guilty, but before a judgment of guilt, the court may, without entering a judgment of guilt and with the consent of the defendant, defer further proceedings and place the defendant on probation under the supervision of the State Department of Corrections upon condition of probation prescribed by the court. The court shall first consider restitution, administered in accordance with the provisions pertaining thereto, among the various conditions of probation it may prescribe.... Upon violation · of conditions of probation, the court may enter a judgment of guilt and proceed as provided in Section 991a of this title.

Here, the court found, as a question of fact, that appellant willfully failed to make payment of restitution and costs despite her ability to pay. The court's finding is supported by substantial evidence. As a result of this finding, the court sentenced appellant in accordance with Section 991a.

Section 991a(A)(1) grants the sentencing court discretion to suspend a sentence in whole or in part, with or without probation, and, in addition, (a) order restitution to the victim and/or (c) order the person convicted to engage in a term of community service without compensation. Section 991a(B) requires "[i]n sentencing a person convicted of a crime, the court shall first consider a restitution program for the victim as well as imposition of a fine or incarceration of the offender." In the instant case, the

court sentenced appellant to a term of imprisonment within the maximum imposed by law, suspended that sentence, and appellant agreed to pay restitution and costs. The court tailored the repayment schedule to fit the amount appellant testified she could afford to pay.

Finally, Section 983(A) provides that a defendant found guilty may be imprisoned for non-payment of the fine and/or costs "when the trial court finds that the defendant is financially able but refuses or neglects to pay the fine and/or costs. In no case may a sentence to pay a fine be converted into a jail sentence automatically, i.e., without a hearing and a judicial determination, memorialized of record, that the defendant is able to satisfy the fine and costs by payment but refuses or neglects so to do." As previously mentioned, Section 983 has not come into play at this time. If and when Section 983 becomes operative in this case, it must be construed in conjunction with the opinions of the United States Supreme Court. *Rutledge v. Turner*, 495 P.2d 119, 122 (Okla.Crim.App.1972). *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), cited by appellant, will be applied as a judicial gloss on the construction of Section 983, unless, of course, some further pronouncement by the Supreme Court on the subject is applicable.

After careful review of the record and the applicable statutes, we find the district court neither exceeded its jurisdiction nor abused its discretion in sentencing appellant for violating the terms of her deferred sentence. Nor did the court exceed its jurisdiction or abuse its discretion by suspending appellant's sentence and ordering payment of restitution and costs tailored to meet her ability to pay. If a change of conditions materially affects appellant's ability to comply with the court's order, she may petition the sentencing court to remit restitution and costs or to change the terms of the order of restitution as provided by 22 O.S.1981, § 991b. Whether the court grants the petition to remit or modify is within its sound discretion.

Accordingly, in light of the above, the order is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.