Steven Wayne JONES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–75–570.

Court of Criminal Appeals of Oklahoma.

Nov. 13, 1975.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Steven Wayne Jones, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–74–2232, for the offense of Unlawful Possession of Marihuana, After Former Conviction of Unlawful Possession of Marihuana, in violation of 63 O.S.1971, § 2–402,

¶ B 2. His punishment was fixed at a term of five (5) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At approximately 9:00 p. m. on the evening of July 7, 1974, Officer Jim Striplin of the Choctaw Police Department was driving north on Choctaw Road in his patrol car when he noticed a vehicle parked on the wrong side of traffic and partially blocking the roadway on Bypass Road. He approached the car and stopped approximately 10 feet in front of same. He noticed the driver, the only occupant of the vehicle, whom he identified in court as the defendant, had a quart of beer in his hand. As he approached the vehicle, the defendant opened the door and Officer Striplin observed a baggie fall from the driver's side of the vehicle to the ground underneath the car. Officer Striplin retrieved the baggie and found that it contained a green leafy substance. The defendant was placed under arrest and advised of his rights. Particles of this same substance and cigarette papers were found on the front seat of the vehicle, and all of the contraband seized was sealed in an evidence envelope and left with the Oklahoma State Crime Bureau.

Officer Pack of the Choctaw Police Department testified that he was following Officer Striplin in another patrol car and arrived on the scene within a minute after Officer Striplin. His testimony did not differ substantially from that of Officer Striplin, except for the fact that he did not observe the baggie fall from the vehicle occupied by the defendant.

Rodney Sherrer testified that he was a forensic chemist for the Oklahoma State Bureau of Investigation. After giving his qualifications and outlining the normal safeguard procedures followed by the Oklahoma State Bureau of Investigation while handling evidence of this type, he stated that he conducted a microscopic examination, a Duquenois-Levine test and a Thinlayer Chromotography test on the green leafy substance contained in the baggie. As a result of these tests it was his opinion that the green leafy substance was marihuana.

The defendant did not testify and offered no testimony in his defense.

In the second stage of the proceedings, the previous conviction for unlawful possession of marihuana was stipulated to by both the State and the defense.

The defendant's first assignment of error alleges that the evidence was insufficient to support the jury's verdict of guilty. Officer Striplin testified that he observed the baggie fall from the vehicle. Rodney Sherrer testified that the baggie did in fact contain marihuana. After a careful examination of the entire record we feel there was competent evidence upon which the jury found the defendant guilty.

We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See, *Jones v. State,* Okl.Cr., 468 P.2d 805 (1970).

■ The defendant's final assignment of error alleges that the punishment is excessive. We need only observe that the punishment is well within the range provided by law, and does not shock the conscience of this Court. See, *Turner v. State,* Okl.Cr., 479 P.2d 631 (1971).

In conclusion we observe the record is free of any error which would justify modification or reversal. The judgment and sentence is, accordingly, *affirmed.*

BUSSEY and BLISS, JJ., concur.