**Stacey Lamont EDWARDS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–745.**

Court of Criminal Appeals of Oklahoma.

May 18, 1982.

Alfred K. Hambrick, Midwest City, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

### MEMORANDUM OPINION

BUSSEY, Judge:

The appellant, Stacey Lamont Edwards, hereinafter referred to as the defendant, was convicted in Oklahoma County District Court, Case No. CRF–80–3640, of Rape in the First Degree, After Former Conviction of Two or More Felonies, was sentenced to three hundred (300) years' imprisonment, and he appeals.

As his sole assignment of error, the defendant alleges that the verdict is excessive and appears to have been rendered under the influence of passion and prejudice.

The prosecutrix testified that she was 19 years of age when an assailant, whom she positively identified in court as the defendant, intercepted her as she was getting out of her car to go to work at Cross-Roads

State Bank. By grabbing her hair, pulling her head back and putting a long bladed knife to her side, he forced her to drive to a secluded place in the country. She related that, at knifepoint, he made her commit oral sodomy until she gagged on two occasions, and that he then pushed her legs far apart real hard and inserted his penis into her vagina and began thrusting until he ejaculated. Further, she stated that he found her drivers' license in her purse, noticed her address and said, "Well I'll have to remember that." Furthermore, when he exited her car he said, "Well, I know where you work. If anything comes up, I'll know where to find you."

David Miller, a resident physician at Oklahoma Memorial Hospital, Department of Obstetrics and Gynecology, testified as follows: he had examined the prosecutrix on the day of the incident; he had observed a laceration of the vagina about a half a centimeter in length with an abraded area around that posteriorly; she had an amount of matted material in her pubic hair; and a considerable number of sperm were present in her vaginal vault, a little less than half of which were motile. It was his opinion that she had had sexual intercourse within twelve hours prior to his examination.

Police Officers Lonnie Wood and Jim Strong both testified that on separate occasions they had each advised the defendant of his *Miranda* rights, which he stated that he understood, and that he made voluntary statements, without promises or coercion, that he had committed the crime in question.

This Court has repeatedly stated that the question of excessiveness of punishment is to be determined by a study of all the facts and circumstances surrounding each individual case, and we do not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence was so excessive as to shock the conscience of the Court. *Dodson v. State*, 562 P.2d 916 (Okl.Cr.1977). Considering the evidence of the defendant's guilt, his previous convictions, and the fact that the sentence imposed was within the statutory limit, we cannot conscientiously say that the sentence assessed shocks the conscience of this Court. See also, *King v. State*, 640 P.2d 983 (Okl.Cr.1982), and cases cited therein.

Accordingly, the judgment and sentence appealed from is AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.