Larry G. CARPENTER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-82-539.

Court of Criminal Appeals of Oklahoma.

Aug. 11, 1983.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

The appellant, Larry G. Carpenter, was convicted of: 1) Unlawful Cultivation of Mushrooms; 2) Unlawful Possession of Psilocybin with Intent to Distribute; 3) Unlawful Possession of Marijuana with Intent to Distribute; and, 4) Unlawful Cultivation of Marijuana, in Pottawatomie County District Court, Case No. CRF–81–220, was sentenced to ten (10) years' imprisonment and a twenty-five thousand ($25,000) dollar fine; seven (7) years' imprisonment to run concurrently with Count I sentence; three (3) years' imprisonment to run consecutively; and, three (3) years' imprisonment to run consecutively to the other sentences and a five thousand ($5,000) dollar fine respectively, and from these judgments and sentences the appellant has perfected his appeal to this Court.

On September 21, 1981, officers from the Shawnee Police Department, the Pottawatomie County Sheriff's Office and the Oklahoma State Bureau of Narcotics entered the premises of the appellant after announcing themselves. The authorities acted pursuant to a search warrant for psilocybin mushrooms and marijuana. In the house, the police officers found approximately

ninety-five styrofoam ice chests filled with soil, some with mushrooms still growing in them. Mushrooms were also found in the refrigerator, in an unoccupied bedroom and in the den closet. Marijuana was found in two rooms of the house, and three marijuana plants were found growing outside in the garden.

## I.

In his first assignment of error, the appellant maintains that he was denied a fair trial due to improper prosecutorial comments. The record reveals that the defense counsel objected to only one of thirteen statements which he now complains of, and that he never requested the jury be admonished. Additionally, the appellant failed to specifically allege this assignment of error in his motion for new trial. This Court has held in *Hickman v. State,* 626 P.2d 873 (Okl.Cr.1981), that there must be timely objection to remarks and a request that the court admonish the jury to disregard the remarks in order to properly preserve the issue for appellate review. Moreover, the purpose of the motion for new trial is to put the trial judge on notice of alleged errors so that he or she can take curative action, and a specific statement of the allegations of error in the motion for new trial is necessary in order to preserve such error for appellate review. See, *McDuffie v. State,* 651 P.2d 1055 (Okl.Cr.1982). Accordingly, we find that this assignment of error is not properly preserved for appellate review.

## II.

In his second assignment of error, Carpenter contends that the evidence was insufficient to prove that he had exclusive possession of the marijuana. We disagree. The trial transcript discloses that the appellant was the owner and sole resident of the house in which the marijuana was found. The appellant's children neither owned an interest in the premises nor did his children reside at the residence. Testimony shows that the appellant's son, Kenny Carpenter, had arrived at the appellant's house only hours before the search warrant was served.[1] The appellant also made incriminating statements to Agent Fanning Young concerning marijuana found on his premises. He stated that the marijuana was for his personal use rather than for sale.[2] Furthermore, the appellant admitted to his cultivation of marijuana for his own personal use.[3]

This Court has held that possession may be inferred when the contraband is found in a place which is exclusively accessible or used by the accused and subject to his dominion and control. *Rudd v. State,* 649 P.2d 791 (Okl.Cr.1982). After thoroughly reviewing the record, this Court is convinced that the evidence was sufficient to establish a reasonable inference that the appellant had dominion and control over the marijuana found on his premises. The appellant's incriminating statements are also direct evidence linking him to the possession of marijuana. We therefore find this assignment of error to be without merit.

## III.

In his third assignment of error, the appellant contends that the State failed to prove that he was aware of the illegal nature of the psilocybin mushroom. We do not agree. As shown by the following excerpt from the record, the appellant positively identified the mushrooms which were growing as psilocybin mushrooms:

1.  Q. At the time of the search, was Kenny (Carpenter) in the house?
    A. Yes, he was.
    Q. How long had he been there at the time of the search?
    A. Just hours. (Tr. 263–264).

2.  Q. Would you please state what questions were asked and what answers were given?

    A. ... I asked him about the marijuana found in the residence, if that was also experimental in nature; and he said, no, that was for personal use, that he suffered from glaucoma and he was taking that. (Tr. 176–177).

3.  Q. Were you aware that marijuana was growing in your garden?
    A. Yes, Sir, the one plant. (Tr. 279).

Q. Did he ever indicate to you ... did he ever say to you what kind of mushrooms he was growing?

A. Yes, Sir, he did. With respect to the mushroom in our discussion he did identify the mushroom to one as a psilocybin mushroom; he also said that he was experimenting with different varieties of this mushroom. (Tr. 177)

Furthermore, the appellant admitted during testimony that the mushroom growing operation belonged to him.[4] In light of the great weight of the circumstantial evidence against the appellant and his own statements of knowingly and willingly cultivating psilocybin, we are of the opinion that the State met its burden of proof and accordingly find this proposition of error to be without merit.

### IV.

■ In his fourth assignment of error, the appellant contends that the sentence imposed was excessive and should be modified. This Court has consistently held that the question of excessiveness of punishment is to be determined by a study of all the facts and circumstances surrounding each individual case and that this Court does not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence was so excessive as to shock the conscience of the Court. *Edwards v. State,* 645 P.2d 528 (Okl.Cr.1982), and cases cited therein.

In the instant case, the appellant's guilt is overwhelming and the punishment imposed is well within the range provided by statute. Thus, we cannot conscientiously say that the sentence imposed shocks the conscience of the Court. See also, *King v. State,* 640 P.2d 983 (Okl.Cr.1982), and cases cited therein.

■ The appellant further maintains that the consecutive sentences imposed upon him for cultivation of marijuana and possession of marijuana with intent to distribute violate the constitutional protections

against double jeopardy. We disagree. Where a defendant is charged with separate and distinct crimes, as in the present case, it is proper to impose consecutive sentences even though they were committed during a single operation. *United States v. Davis,* 573 F.2d 1177 (10th Cir.1978). Accordingly, we find this assignment of error to be without merit.

The judgments and sentences are hereby AFFIRMED.

CORNISH and BRETT, JJ., concur.

---

4.  Q. Larry, whose mushroom growing operation was that that was in your house?

A. It was mine.