Clyde PAXTON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. M–84–384.

Court of Criminal Appeals of Oklahoma.

Nov. 13, 1985.

Carloss Wadlington, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Clyde Paxton, was convicted of Refusal to Submit Quarantined Cattle for Testing of Brucellosis in the District Court of Coal County in Case No. CRM–83–13. The trial court set punishment at a fine of five hundred dollars ($500) in accordance with the jury's verdict, and assessed costs against appellant in the sum of two hundred twenty-five dollars and sixty-two cents ($225.62). We affirm with directions.

Briefly stated the facts are that on November 16, 1982, Dr. Cliff McDonald, a veterinarian, was engaged in the routine testing of the sale animals at the Atoka Sale Barn, and he obtained a positive result for Brucellosis or Bangs Disease while testing a cow owned by appellant. The test results were confirmed by additional

tests, and Dr. McDonald informed appellant of the results. Subsequently, Mr. Belletini, the State Livestock Inspector, pursuant to an Order of Quarantine and Notice dated January 16, 1982, contacted appellant to arrange to test appellant's cattle, and April 1, 1982, was agreed upon as the testing date. Appellant agreed to contact Mr. Belletini, but he never contacted him. On April 26, 1982, Dr. Roger Holley, a federal veterinary medical officer contacted appellant by letter, informed him that a full herd test was due on April 1, 1982, and advised him to contact Mr. Belletini by May 15, 1982, to arrange the complete testing of his cattle. Appellant failed to contact Mr. Belletini, and on September 22, 1982, the District Attorney's office of Coal County contacted appellant by letter and advised him that he had ten (10) days from that date in which to have his cattle tested for brucellosis or the District Attorney would be forced to file charges against him for failure to do so. Appellant failed to submit his cattle for testing and charges were subsequently filed.

I

In his first assignment of error, appellant contends that the verdict is contrary to law and not sustained by sufficient evidence.

■ When the sufficiency of the evidence at trial is challenged on appeal, the proper test is whether a prima facie case has been presented. *Penn v. State*, 684 P.2d 562 (Okl.Cr.1984). The substantive charges in the instant case were filed under the provision of 2 O.S.Supp.1984, § 6–100 et seq. The State makes a prima facie case by showing that the owner or caretaker of the cattle was properly notified by Order of Quarantine and notice that a compulsory plan had been placed in operation; that the appellant was given sixty (60) days after notification to conform to the requirements of the plan; that he neglected or refused to assist the State Veterinarian or his representative in testing the cattle; that the State Veterinarian or his representative filed a complaint with the

District Attorney; that the District Attorney notified him that he had an additional ten (10) days to comply with said requirements; and that the owner or caretaker of the cattle failed to comply with said requirements.

Viewed in light of these elements, the evidence in the instant case was clearly sufficient. Moreover, we have repeatedly held that it is the exclusive province of the jury to weigh the evidence and to determine the facts and this Court should not interfere with the verdict which was reached. *Coleman v. State*, 600 P.2d 351 (Okl.Cr.1979).

Therefore, this assignment of error is without merit.

II

■ In his second assignment of error, appellant contends that the punishment imposed is excessive.

The defendant was prosecuted pursuant to 2 O.S.Supp.1984, § 6–100 et seq and the punishment for violation of this statute is a misdemeanor. 2 O.S.1981, § 6–104. The punishment for misdemeanors is set forth in 21 O.S.1981, § 10 which provides:

Except in cases where a different punishment is prescribed by this chapter or by some existing provisions of law, every offense declared to be a misdemeanor is punishable by imprisonment in the county jail not exceeding one (1) year or by a fine not exceeding five hundred dollars ($500), or both such fine and imprisonment.

This Court has held on numerous occasions that the question of excessiveness of punishment is determined by examining the particular facts and circumstances of each case and this Court is powerless to modify a sentence unless it can conscientiously say that under the facts the sentence received is so excessive as to shock the conscience of the Court. *Baldwin v. State*, 596 P.2d 1269 (Okl.Cr.1979). Since the punishment imposed was well within the range provided by statute, we decline to modify appel-

lant's fine. This assignment of error is without merit.

### III

In his third assignment of error, appellant contends that the "cost of the jury" should not have been included in the costs assessed against him. The judgment and sentence states that appellant is to pay "a fine of $500.00 and the cost of the jury in the amount of $225.60." However, the court minute attached to the judgment and sentence states that "the defendant is ordered to pay a fine of $500.00 and the cost of the action."

Since we cannot ascertain from the record exactly what costs the trial court ordered appellant to pay, we remand this matter to the trial court for it to determine the amount of costs that appellant is required to pay under the provisions of 28 O.S.Supp.1984, § 153.

Therefore, the judgment and sentence is accordingly AFFIRMED with directions to the trial court to make the costs more certain.

BRETT, J., concurs.

PARKS, P.J., specially concurs.

PARKS, Presiding Judge, Specially Concurring:

I find that the opinion of Judge Bussey in this case reaches the proper result. However, I am disturbed that the notice issue as to which cattle were covered by the quarantine order is not dealt with in the majority opinion. This issue was properly raised by the appellant. Resolution of this issue is "... the President of the [State] Board [of Agriculture] or the State Veterinarian shall issue an order of quarantine *showing the boundaries of the area* and the conditions of the quarantine, if any." [Emphasis added].

A reading of the statute demonstrates that there was sufficient notice addressing which cattle were to be quarantined. Review of the evidence reveals that the order issued by the State Board of Agriculture stated that all cattle of the appellant in Coal County were to be quarantined "to the premises until tested or released (sic)."

For the foregoing reasons, I would find that appellant had proper notice regarding the herds involved in the quarantine order.