**Trent Lynn HAWKINS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–665.**

Court of Criminal Appeals of Oklahoma.

Aug. 12, 1987.

Rehearing Denied Sept. 4, 1987.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

**OPINION**

BUSSEY, Judge:

The appellant, Trent Lynn Hawkins, was charged, tried, and convicted in the District Court of Tulsa County, of the crimes of Second Degree Rape, Forcible Sodomy, First Degree Burglary, and Robbery with a Dangerous Weapon. He was sentenced to serve terms of fifteen (15) years, twenty (20) years, twenty (20) years, and forty-five (45) years, respectively. From these judgments and sentences, he appeals.

In the early morning hours of August 11, 1983, the victim entered her bedroom,

whereupon she discovered the appellant, Trent Lynn Hawkins, crouched at the foot of her bed with one of her kitchen knives in his hand. He straightened from his crouched position, raised the knife and told her not to move. Although the appellant's face was masked with blemish creme, the victim recognized him as the thirteen-year-old neighborhood boy who had on occasion played with her children. The appellant then blindfolded and bound the victim and led her to the bathroom down the hall and raped her. After raping her, he forced her to orally sodomize him. The appellant then led the victim back into her bedroom, forced her to do gyrations on the bed and raped her again. After raping her a second time, the appellant retrieved some ice cubes from the kitchen, placed them in her vagina, and forced her to once again orally sodomize him. The appellant afterwards began to rummage through the victim's belongings attempting to find money. Subsequently, he found seven dollars in her purse and against her permission, took the money into his possession. Shortly thereafter, the appellant left the house through the back gate. After loosening herself from the ropes and blindfold, the victim surveyed her house, discovered that the appellant had entered her home through a window, and then proceeded to notify the authorities.

In his first assignment of error, the appellant contends that the trial court erred in overruling his demurrer to the State's evidence because the evidence was insufficient to warrant a conviction of Robbery with a Dangerous Weapon. This Court has consistently held that once a defendant presents evidence in his own defense, a demurrer is waived, and a question of sufficiency of the evidence is determined by an examination of the entire record, viewing the evidence in the light most favorable to the State. *Clayton v. State*, 695 P.2d 3 (Okl.Cr.1984). Upon review of the evidence, we are of the opinion that the jury could have reasonably concluded that the appellant was guilty as charged, and we will not interfere with the verdict. *Paxton v. State*, 709 P.2d 1062 (Okl.Cr.1985). Thus, this assignment of error is without merit.

In his second assignment of error, the appellant contends that his sentences are excessive, and that the trial court erred in ordering that his sentences be served consecutively. This Court has repeatedly stated that the question of excessiveness of punishment is to be determined by a study of all the facts and circumstances surrounding each individual case, and we do not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances, the sentence was so excessive as to shock the conscience of the Court. *Edwards v. State*, 645 P.2d 528 (Okl.Cr.1982). In light of the overwhelming evidence of the appellant's guilt, the brutal and perverse nature of the crimes, the appellant's certification to stand trial as an adult, and the fact that the sentences imposed were within the statutory limits, we cannot conscientiously say that the sentences assessed shock the conscience of this Court. *Clark v. State*, 678 P.2d 1191 (Okl.Cr.1984). This assignment of error is without merit. The judgments and sentences are AFFIRMED.

BRETT, P.J., concurs in part/dissents in part.

PARKS, J., concurs.

BRETT, Presiding Judge, concurs in part, and dissents in part.

While I concur that the judgments and sentences should be affirmed, I would modify the sentences to make them run concurrently instead of consecutively as ordered by the trial court. The record reflects that the appellant had never before run afoul of the law. He had no juvenile record, notwithstanding the fact that he was certified to stand trial as an adult. Because of his young age, I believe justice will be better served if the sentences were to be made to run concurrently. The forty-five year sentence is the equivalent to a life sentence for an adult. Therefore, I dissent to the running of the sentences consecutively.