**Linda Joyce HODGE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–86–697.**

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1988.

Rehearing Denied Oct. 17, 1988.

E. Alvin Schay Asst. Appellate, Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Randy J. Malone, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Linda Joyce Hodge, was convicted in the District Court of Oklahoma County, Case No. CRF–85–5675 of the crime of Possession of a Controlled Dangerous Substance (Percodan), After Former Conviction of Two or More Felonies.

She was sentenced to thirty (30) years' imprisonment and appeals, raising eight assignments of error.

At approximately 5:30 p.m. November 1, 1985, two Oklahoma City Police officers on patrol noticed a late model pickup truck with some type of heavy equipment on it, apparently abandoned, on a dead end street near the intersection of Byers and N.E. First street in Oklahoma City. As the officers got out of their car to investigate, they noticed that the pickup moved, although they could not see anyone inside the cab. The officers slowly approached the pickup from each side. When they looked inside, they saw the appellant and a man engaged in sexual intercourse. The officers made their presence known and ordered the couple to get dressed and get out of the truck, telling them that they were being arrested for Lewdness.

After the pair had gotten out of the truck and been arrested, one officer gave the man a pat down search while another officer searched the pockets of a coat the appellant had been wearing. In one of the coat pockets the officer found a small plastic bag containing three and one half Percodan tablets. The appellant was then informed that she was also being arrested for Possession of a Controlled Dangerous Substance.

The appellant's first assignment of error is that the trial court erred in refusing to suppress the drug evidence collected from the appellant's coat. Counsel on appeal argues that the evidence was obtained as a result of an unlawful search. In making this argument, counsel takes a unique approach in interpreting the officers' actions that, although novel, is not supported by any cases of which we are aware.

Counsel on appeal states that the officers' actions in getting out of their patrol car constituted a warrantless search. He then states that when each officer stood opposite one of two doors of the pickup, an unlawful arrest was consummated. We think that this interpretation of search and seizure arrest is fanciful and frivolous.

■ Police officers are neither expected nor required to wear blinders or close their eyes to their surroundings. *See, e.g., Texas v. Brown,* 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). Nor can this counsel rationally argue that the appellant had a legitimate expectation of privacy. This is especially true when we realize that the appellant was engaged in sex in a vehicle parked on a public street, in broad daylight, in an area where police knew that stolen vehicles had been abandoned before. *See, e.g., California v. Ciraolo,* 476 U.S. 207, 106 S.Ct. 1809, 90 L.Ed.2d 210, *reh. den.,* 478 U.S. 1014, 106 S.Ct. 3320, 92 L.Ed.2d 728 (1986). This Court remains firm in our position that a police officer has both a right and a duty to investigate suspicious or unusual circumstances. *Atterberry v. State,* 726 P.2d 898, 899 (Okl.Cr. 1986); *Dyle v. State,* 664 P.2d 1047, 1049 (Okl.Cr.1983), *cert. denied,* 464 U.S. 857, 104 S.Ct. 177, 78 L.Ed.2d 159 (1983).

Obviously, when the officers first observed the appellant, they had sufficient facts and information to justify arresting her and her companion. *See Backus v. State,* 635 P.2d 1021 (Okl.Cr.1981). Therefore, the immediate search of the appellant's coat pockets was clearly a search incident to a lawful arrest. *See, e.g., United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Hughes v. State,* 522 P.2d 1331, 1333 (Okl.Cr.1974).

■ Next, the appellant urges trial court error in allowing the State to introduce testimony that two pills and a "powdery substance" were also found in the baggie containing the Percodan tablets, but which were not controlled dangerous substances. We see little or no prejudice to the appellant arising out of testimony that some of the apparent drugs which were in her possession were *not* controlled dangerous substances. At worst, this evidence was irrelevant and its admission constitutes harmless error. *See Frazier v. State,* 607 P.2d 709 (Okl.Cr.1980).

■ The appellant's third and fourth assignments of error are restatements of a single proposition. Here, the appellant states that the trial court improperly allowed evidence of her history of heroin abuse to be brought out when the prosecution was cross examining the appellant's mother, a defense witness. As grounds for these assignments, appellant argues that this line of testimony was outside the scope of direct examination and was "other crimes" evidence brought out in violation of the rule from *Burks v. State,* 594 P.2d 771 (Okl.Cr.1979).

The defense called the appellant's mother to testify that it was her coat the appellant was wearing at the time of her arrest and that the appellant did not know that her mother had kept part of her Percodan prescription in the coat. On cross examination, the prosecution asked the appellant's mother whether or not the appellant would have a reason to take her mother's Percodan. It was in response to this question that the appellant's mother told the jury about the appellant's heroin addiction.

Because the entire theory of defense was that the appellant's possession of the Percodan was an accident or simply a mistake, this testimony was admissible to rebut that claim. 12 O.S.1981, § 2404(B). This is also a recognized exception to the *Burks* rule. *See Sweatte v. Stare,* 732 P.2d 476 (Okl.Cr. 1987); *Bruner v. State,* 612 P.2d 1375 (Okl. Cr.1980). There is no trial court error here.

■ Next, the appellant argues that prosecutorial misconduct denied her a fair trial. In support of this assignment, she quotes a comment made by the prosecutor during his cross examination of her mother regarding the mother's futile search for the appellant's prescription for other drugs. Appellant states that this was so prejudicial that it warrants reversal. There is little, if any, relevance in the fact that the appellant may have had a prescription for drugs other than Percodan. We see no prejudice, however, in the admission of this testimony and the appellant has not persuaded us otherwise. *See, e.g., Frazier v. State,* 607 P.2d 709 (Okl.Cr.1980). Therefore, this assignment has no merit.

■ The appellant next argues that it was reversible error to allow the jury to

hear testimony from the police officers that the appellant was initially arrested for lewdness. Again we disagree with the conclusion the appellant has reached. Here, there is an obvious connection between the offense charged and the appellant's lewdness arrest. But for her arrest, the charged offense would never have been discovered. This "logical connection" itself would justify admission. *See, e.g., Bray v. State*, 450 P.2d 512 (Okl.Cr.1969). This testimony was also needed initially to show the trial court that the warrantless search in which the evidence was seized was one justified as being incident to a lawful arrest. *See United States v. Robinson, supra.* This assignment of error has no merit.

◼ As the seventh assignment of error, the appellant attempts to show that she was denied effective assistance of counsel. In support of this allegation, counsel on appeal makes reference to the fact that, at her preliminary hearing, the appellant complained that her attorney did not obtain proof that she had a prescription for Percodan.

The record as a whole shows beyond question that the appellant had competent counsel. There is nothing to suggest that even one prong of the applicable two-prong test has been satisfied. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We think it ludicrous to suggest that counsel is ineffective when he fails to produce non-existent proof of innocence.

◼ Lastly, the appellant argues that her thirty (30) year sentence is excessive. As support for this proposition, appellant compares other cases in which lighter sentences have been imposed. *See, e.g., Tharps v. State*, 555 P.2d 1054 (Okl.Cr. 1976); *Jones v. State*, 542 P.2d 974 (Okl.Cr. 1975).

While there are many cases in which lighter sentences have been imposed, there are equally as many cases in which we have refused to modify a sentence unless it clearly shocked the conscience of the Court. *See, e.g., Faulkenberry v. State*,

725 P.2d 609 (Okl.Cr.1986); *Edwards v. State*, 645 P.2d 528 (Okl.Cr.1982).

Here, we can not say that this sentence shocks the conscience of the Court. The appellant had six prior Felony convictions. On February 6, 1986, the appellant failed to appear at her arraignment and a bench warrant for her arrest was issued. When she was taken into custody again she was apparently attempting to flee the State with another suspected felon. At one point during deliberations, the jury sent a note to the court indicating that most of the jury wanted to impose a much harsher sentence. Further, the record shows that there were other charges pending against the appellant during this trial which, although unrelated to this case, convinces us that this appellant deserves no more leniency than the jury recommended. Since this sentence is well within the limits set by the legislature, we will not disturb the jury's verdict. *See, e.g., Holding v. State*, 568 P.2d 332 (Okl.Cr.1977); *Ruhm v. State*, 496 P.2d 809 (Okl.Cr.1972).

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs in result.

PARKS, J., dissents.

PARKS, Judge, dissenting:

I must dissent to the majority opinion on the basis of appellant's third and fourth assignments of error. It was reversible error for the State to introduce evidence of "other crimes" without giving the required *Burks* notice. *See Burks v. State*, 594 P.2d 771 (Okla.Crim.App.1979). It was also error for the trial court to fail to give a limiting instruction as mandated by *Burks. Landtroop v. State*, 753 P.2d 1371 (Okla. Crim.App.1988).

The State argues that the testimony of appellant's mother regarding appellant's drug abuse was relevant "other crimes" evidence as it went to prove absence of mistake or intent. However, the State does not even attempt to argue that notice was given to appellant. While this testimony may have been probative as to the element of intent, the relevance of the evi-

dence does not excuse the State from complying with the mandates of *Burks*.

Moreover, as this Court held in *Landtroop*, 753 P.2d at 1372, a limiting instruction must be given when "other crimes" evidence is introduced at trial. It is incumbent upon the trial court to give such an instruction, even in the absence of a request by either party. No limiting instruction was given in the present case.

Accordingly, I am of the opinion that appellant's conviction should be reversed and remanded for a new trial.