968 F.2d 1224
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Linda Joyce HODGE, Petitioner-Appellant,
v.
Mary LIVERS; Attorney General, State of Oklahoma,
Respondents-Appellees.
 No. 90-6364.
 United States Court of Appeals, Tenth Circuit.
 July 15, 1992.
 
 1
 Before LOGAN and EBEL, Circuit Judges, and SAFFELS,* Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 DALE E. SAFFELS, Senior District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Petitioner Linda Joyce Hodge appeals from the district court's denial of her Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. We have carefully reviewed the record and the arguments presented. We conclude that those claims not raised in Petitioner's direct appeal in the state court are procedurally barred. We affirm the district court on the remainder of the claims.
 
 Background
 
 6
 Following a jury trial in March 1986, Petitioner Linda Hodge was convicted of possession of a controlled substance after former felony conviction, in violation of Okla.Stat.Ann. tit. 63, § 2-401A and Okla.Stat.Ann. tit. 21, § 51B. She was sentenced to thirty years' imprisonment. The Oklahoma Court of Criminal Appeals upheld the conviction. Hodge v. State, 761 P.2d 492, 496 (Okla.Crim.App.1988).
 
 
 7
 The record reveals that Hodge filed an application for post-conviction relief in the state court on April 25, 1989.[1] In the petition, she raised nineteen separate grounds for relief. The state district court denied the application on June 1, 1989. On appeal, the Oklahoma Court of Criminal Appeals stated:
 
 
 8
 This court affirmed petitioner's conviction in Hodge v. State, 761 P.2d 492 (Okl.Cr.1988); therefore, all issues previously ruled upon by this Court are res judicata, and all issues not raised in the direct appeal, which could have been raised, are waived. 22 O.S.1981, § 1086. This is also petitioner's second application for post-conviction relief; therefore, she is barred from asserting any claims not raised in her first petition.
 
 
 9
 Order Affirming Denial of Post-Conviction Relief, No. PC-89-607. Hodge subsequently filed this federal habeas petition in the district court. After reaching the merits of Hodge's claims, the court denied her request for habeas relief.
 
 Discussion
 
 10
 * As a threshold matter, we must consider whether Hodge is procedurally barred from asserting those claims which she did not raise in her direct criminal appeal. This court may not review "a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 111 S.Ct. 2546, 2553-54 (1991). This is a threshold question in habeas cases. Id. at 2554. If this court determines that the Oklahoma Court of Criminal Appeals rested its decision on independent state grounds, all claims which Hodge failed to bring in her direct appeal are procedurally barred.
 
 
 11
 The independent and adequate state ground doctrine has its roots in the principles of comity and federalism. Id. Consequently, if a state court dismisses prisoner claims in reliance on state procedural rules, there is no federal claim presented for review. See id. The pertinent question, therefore, is whether the state court has issued a decision which " 'fairly appear[s] to rest primarily on federal law.' " Id. at 2557 (citation omitted). If it has, there is no procedural bar.
 
 
 12
 In this case, the Oklahoma Court of Criminal Appeals rejected those claims not brought on direct appeal without reference to any federal law. "Thus, we need not search for a clear and express statement concerning procedural bar." Gilbert v. Scott, 941 F.2d 1065, 1067 (10th Cir.1991). We do note, however, that the court expressly identified Okla.Stat.Ann. tit. 22, § 1086 as the basis for failure to review the claims.[2] The court clearly rested its decision on an independent state ground.
 
 
 13
 As a consequence, review of claims not raised in Hodge's direct appeal are barred unless she can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 111 S.Ct. at 2565. In the district court, Hodge argued that she could not raise the claims earlier because "they were outside the scope of the record of appeal" and because the proof necessary to make the claims was unavailable until the conclusion of the direct appeal. Traverse To Respondent's Motion To Dismiss Petitioner's Application For Post-Conviction Relief at 2-3.
 
 
 14
 A showing that the factual basis for the claims was not available to the petitioner may, under certain circumstances, constitute cause sufficient to avoid a procedural bar. Coleman, 111 S.Ct. at 2566. Hodge must show an external impediment prohibited her from uncovering the factual basis for the claims. Id.; see also Murray v. Carrier, 477 U.S. 478, 492 (1986) ("[C]ause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim.").
 
 
 15
 Hodge cannot satisfy this cause standard. The factual and legal bases for the claims she sought to raise for the first time in state post-conviction proceedings were apparent prior to trial on the controlled substance charge. Grounds two, three, seven, seventeen, and eighteen of Hodge's habeas petition all relate, in some form, to the government's alleged failure to comply with a plea bargain agreement made in November 1985. The tape-recorded agreement was made some four months prior to trial.
 
 
 16
 At a minimum, Hodge was aware the government was not going to comply with the agreement in February 1986, when the prosecutor informed her he would be seeking full prosecution of the charges because she failed to fulfill her obligations to the government. Moreover, Hodge was present at the tape-recorded session during which all the details of the agreement were set forth. Consequently, she was well aware of what was said. Her argument that the transcript of the plea agreement constituted "new" evidence is, therefore, unavailing.
 
 
 17
 The other claims which Hodge tried to raise in the state court are legal in nature, and all were available at the time of trial. Ground one is an argument relating to sentencing and the Oklahoma enhancement statutes. Hodge does not provide any reason why it was not urged earlier. Likewise, ground six involves the impartiality of a juror. This too could have been raised. Finally, ground nineteen contains Hodge's argument that the state failed to prove the mens rea of the crime. Like the others, it could have been raised earlier. We hold that all these claims are procedurally barred.[3] We now proceed to consider the remainder of Hodge's claims.
 
 II
 
 18
 As the district court noted, many of Hodge's claims are redundant, overlapping, and lacking in factual and legal support. For purposes of evaluating these claims, we will separate them by subject matter and category. We consider the arguments in turn.
 
 
 19
 In her fourth, ninth, tenth, eleventh, and thirteenth grounds for relief, Hodge argues that the state court erred when it allowed evidence of other crimes to be introduced at trial. Specifically, she contends the court erred in allowing testimony regarding her initial arrest, which was for lewdness (ground 13), that it was error to allow testimony concerning the two tablets and "powdery substance" found in her coat pocket following her arrest (ground 9), and, finally, in allowing evidence concerning her history of heroin abuse (grounds 4, 10, 11). We may grant habeas relief only if the trial court's evidentiary rulings rendered the trial "so fundamentally unfair as to constitute a denial of federal constitutional rights." Brinlee v. Crisp, 608 F.2d 839, 850 (10th Cir.1979), cert. denied, 444 U.S. 1047 (1980).
 
 
 20
 Hodge was arrested initially for lewdness, after police officers observed her and a male companion engaging in sexual intercourse in a pickup truck. In the search incident to this arrest, the officers searched the pockets of Hodge's coat and found three and one-half Percodan tablets. Because the lewdness arrest was part of the res gestae of the crime, the testimony was admissible. Reyes v. State, 751 P.2d 1081, 1083 (Okla.Crim.App.1988). Therefore, it was not error to allow its introduction.
 
 
 21
 Hodge also charges that it was error to allow testimony from the state chemist that two partial tablets and a "powdery substance" were also found in the coat. The chemist testified that he analyzed the powder and could not identify it exactly, but he did state it was not a controlled substance. He testified that he did not analyze the two tablets, but stated that they appeared similar in color to the powder. This testimony was not prejudicial to Hodge's position. Therefore, it could not be error to allow its introduction.
 
 
 22
 Finally, we come to the testimony solicited from Hodge's mother on cross-examination concerning past heroin abuse. The trial transcript reveals that on direct examination Hodge's mother testified that the Percodan found in the coat pocket was hers, as was the coat, and that her daughter borrowed the coat that day. She stated she had a prescription for Percodan which she received after having foot surgery the previous year. She testified that she put the Percodan in a plastic bag to keep it dry.
 
 
 23
 On cross-examination, the prosecutor was allowed, over defense counsel's objection, to inquire whether Hodge's mother knew of any reason why Hodge would take a powerful pain killer. Hodge's mother responded that her daughter had a drug problem, which was an addiction to heroin. The prosecution admitted it was attempting to solicit information concerning past drug abuse. The prosecutor stated he wanted to show that Hodge had a reason for taking the Percodan, thus diffusing the defense theory that the Percodan was in her possession by mistake.
 
 
 24
 Hodge argues that admission of this evidence was constitutional error. She maintains that pursuant to Burks v. State, 594 P.2d 771, 774 (Okla.Crim.App.1979), overruled in part by Jones v. State, 772 P.2d 922 (Okla.Crim.App.1989), the state was required to give her ten days' notice prior to seeking introduction of other crimes evidence. She maintains that introduction of this evidence constituted an impermissible attempt to convict her based on her past drug problems. See Okla.Stat.Ann. tit. 12, § 2404.
 
 
 25
 The purpose of the rule requiring the state to give the defendant notice when it intends to offer other crimes evidence is to provide notice of crimes which the prosecution intends to introduce in the case in chief. Smith v. State, 695 P.2d 864, 868 (Okla.Crim.App.1985). Under Oklahoma law, the same notice is not required when the other crimes evidence is offered to rebut defense evidence. Id.; see also Freeman v. State, 681 P.2d 84, 85 (Okla.Crim.App.1984) (same). We hold introduction of this evidence did not render Hodge's trial "fundamentally unfair." Brinlee, 608 F.2d at 850. Thus, we deny habeas relief on this claim.
 
 III
 
 26
 In her fifth and twelfth grounds for relief, Hodge argues that prosecutorial misconduct tainted the state court proceedings and rendered her trial constitutionally defective. Habeas relief is not available on these grounds unless the conduct is so egregious that it denies the defendant a fair trial. See Donnelly v. DeChristoforo, 416 U.S. 637, 645 (1974). Hodge contends that the prosecutor's conduct was improper on two grounds. First, she maintains he inappropriately suggested to the jury that they "warehouse" her in state prison. Second, she maintains, without any supporting argument, that the prosecutor made unsubstantiated "insinuations" which discredited defense testimony.
 
 
 27
 We have carefully reviewed the trial transcript. The conduct of the prosecutor is not so egregious as to render this trial fundamentally unfair. Robison v. Maynard, 829 F.2d 1501, 1509 (10th Cir.1987) (no reasonable probability that outcome of trial would have been different absent prosecutorial conduct). Consequently, Hodge is not entitled to habeas corpus relief on this claim.
 
 IV
 
 28
 Hodge's eighth ground for relief is related to the introduction of the Percodan at trial. She contends that this evidence was procured as the result of an illegal search and seizure, and, therefore, it should have been suppressed. We agree with the district court, however, that because Hodge was provided a full and fair opportunity to be heard on this claim in the state courts, habeas review is unavailable. Stone v. Powell, 428 U.S. 465, 481-82 (1976).
 
 V
 
 29
 In ground fifteen, Hodge argues that the thirty-year sentence she received on the drug possession charge was excessive. She maintains it must be reduced. The sentence is within the guidelines set forth in Oklahoma statute, however, and therefore may not provide a basis for habeas relief. See Smith v. Wainwright, 664 F.2d 1194, 1196 (11th Cir.1981).
 
 VI
 
 30
 Finally, in grounds fourteen and sixteen of her habeas petition, Hodge contends she was denied effective assistance of counsel. She alleges prejudice in the following particulars:
 
 
 31
 Petitioner was prejudiced by [counsel's] failure to obtain proof of legal prescriptions for the two and one-half partial tablets and white powdery substance, failure to ... provide a copy of the city jail booking photo which would have shown that Petitioner was not wearing a black fake fur jacket on the date of arrest, and failure to request analysis of the "unidentified substances" by the State or to request a copy of the lab tests [sic] results on all substances involved in the case.
 
 
 32
 Petition For Writ of Habeas Corpus at 10-F. In order to state a claim for ineffective assistance of counsel under the Sixth Amendment, a petitioner must overcome the very strong presumption in favor of the competency of counsel. Strickland v. Washington, 466 U.S. 668, 690 (1984). The petitioner must also show actual prejudice as a result of counsel's alleged errors. Id. at 692-93.
 
 
 33
 We agree with the district court that Hodge cannot prevail under this standard. The record from the state court proceedings reveals that trial counsel filed numerous motions and vigorously presented Hodge's case. The defense centered on the argument that the Percodan was in Hodge's possession by mistake. Hodge continues to argue this point herself in the numerous post-conviction petitions she has filed. Counsel presented this defense in a more than adequate fashion. Hodge has not sustained her burden on the ineffective assistance of counsel claim.
 
 
 34
 Moreover, the prejudice which Hodge alleges cannot support an ineffective assistance claim. She contends that counsel erred in failing to obtain her mother's prescription bottle for Percodan. This bottle was presented at trial, however, and Hodge's mother testified the pills were hers. Hodge also maintains counsel erred in failing to seek introduction of the transcript of the plea agreement. This transcript contains no exculpatory information, and, therefore, could not help Hodge. Consequently, failing to introduce it could not be error.
 
 
 35
 Further, because the state's chemist testified that the "powdery substance" was not a controlled substance, failure to request analysis of it could not be error. Finally, counsel did introduce evidence, through witness testimony and cross-examination, that Hodge was not wearing a fur coat on the night in question. Hodge has not satisfied either prong of the Strickland test.
 
 VII
 
 36
 The motion for certificate of probable cause is GRANTED. For all the reasons stated above, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 37
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Hodge filed several other petitions for habeas relief prior to submitting this application. In August, 1987, she filed a habeas petition in federal court which was dismissed for failure to exhaust state remedies. She subsequently filed an application for post-conviction relief in Oklahoma county court. The state district court denied that application, and was affirmed on appeal in February 1988. She then filed a federal habeas petition, which was also dismissed
 
 
 [2]
 Okla.Stat.Ann. tit. 22 provides, in pertinent part,
 § 1086. Subsequent application
 All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application.
 
 
 [3]
 We also note that Hodge has failed to demonstrate that barring review of these claims will result in a fundamental miscarriage of justice. See McCleskey v. Zant, 111 S.Ct. 1454, 1470, 1475 (1991). She has not shown she fits within the narrow group of cases where "a constitutional violation probably has caused the conviction of one innocent of the crime." Id. at 1470