982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Trent L. HAWKINS, Petitioner-Appellant,
v.
Ron CHAMPION and Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 92-5072.
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner, Trent L. Hawkins, appeals from the denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. He alleges in his petition (his first in federal court), and on appeal, that his conviction for robbery constituted double jeopardy, and a denial of due process because of insufficient evidence; and that his consecutive sentences, totalling 100 years for four offenses arising out of the same episode, constitute excessive punishment in violation of the Eighth Amendment. In his traverse to the state's response, Hawkins also asserts that his due process rights were violated when the trial judge directed that sentences fixed by the jury must be served consecutively.
 
 
 3
 We hold that Hawkins' petition must be dismissed, without prejudice, because some of the claims it raises have not been exhausted in state courts. We also hold that this court may apply the nonexhaustion defense sua sponte, even if it has been waived by the state.
 
 BACKGROUND
 
 4
 Hawkins was convicted in Oklahoma State District Court in 1985 of first degree burglary, robbery with a dangerous weapon, forcible sodomy, and second degree rape, after he climbed through the window of a home in his neighborhood, sexually assaulted the woman living there while threatening her with a kitchen knife, and took seven dollars from the woman's purse. Hawkins was 13 years old. There is some indication in the record that his developmental age was considerably younger. He had no record of prior offenses.
 
 
 5
 Hawkins was certified to stand trial as an adult, and the certification was affirmed on appeal. At the conclusion of his trial the jury, pursuant to Hawkins' request and in accordance with Okla.Stat.Ann. tit. 22, § 926, assessed punishment for the four offenses described above in connection with their verdict. The jury fixed punishment as follows: burglary, 20 years (the maximum); robbery, 45 years (the maximum is life); forcible sodomy, 20 years (the maximum); and second degree rape, 15 years (the maximum). The trial judge entered the sentences accordingly, and directed that they be served consecutively, resulting in a total term of 100 years' imprisonment (less credits, and subject to earlier parole). The convictions and sentences were affirmed by the Oklahoma Court of Criminal Appeals. Hawkins v. State, 742 P.2d 33 (Okla.Crim.App.1987). Except for his direct appeal, Hawkins has not pursued any postconviction relief in Oklahoma.
 
 DISCUSSION
 
 6
 The first claim for relief in Hawkins' petition asserts, variously, that his robbery conviction was unconstitutional because it replicated elements and evidence relating to the burglary, rape and sodomy charges; and that there was insufficient evidence to support a verdict against him on the robbery with a dangerous weapon charge because he "only used a weapon (a knife) to rape and sodomize [the] victim (not to rob)." The magistrate judge and the district court treated the first, and apparently the main, contention as a double jeopardy argument. Hawkins' traverse and appeal agree with that interpretation of his claim. In his opening brief on appeal he states that:
 
 
 7
 [T]he double jeopardy test in the present case focuses on the elements of the crimes charged. Inasmuch as the elements required to prove burglary in [the] first degree and robbery with a dangerous weapon in the case at bar, both relied upon the residence in question to support a conviction under both statutes.
 
 
 8
 Appellant's Opening Brief at 2. See Traverse, R.Supp. Vol. 1. The insufficiency claim is designated by Hawkins as a denial of due process, and its denial below is implicit in the district court's general conclusion that Hawkins' robbery conviction did not violate his constitutional rights.
 
 
 9
 As shown by Hawkins' direct appeal brief in Oklahoma,[1] R.Supp.Vol.I, and the opinion issued by the Court of Criminal Appeals, Hawkins asserted on direct appeal that there was insufficient evidence to convict him on the charge of robbery with a dangerous weapon. Specifically, he argued that his victim was already tied up in the course of his other crimes, therefore no force was used when he took the seven dollars from her purse. The state appellate court ruled that viewing the evidence in the light most favorable to the state, the jury could have reasonably returned a guilty verdict. Accordingly, for purposes of this opinion, we will assume that the sufficiency issue in Hawkins' habeas petition has been exhausted. Although the state court decision does not expressly refer to federal due process, it appears substantially to rest on the appropriate standards. See Jackson v. Virginia, 443 U.S. 307, 324 (1979); Cordoba v. Hanrahan, 910 F.2d 691, 694 (10th Cir.), cert. denied, 111 S.Ct. 585 (1990).[2]
 
 
 10
 The double jeopardy claims have not been exhausted. The briefs filed in the state appellate court, and that court's opinion, are silent on the subject.
 
 
 11
 The Eighth Amendment excessive punishment claim was exhausted.[3] In particular, Hawkins' counsel urged in his state appellate brief that the court conduct a proportionality review fully considering Hawkins' age, lack of prior record and other factors, and also comparing the 100 year consecutive sentence to sentences imposed on other minors. The issue was based squarely on Eighth Amendment grounds. While the appeals court does not explain its reasoning in detail, it does say in its opinion that taking into account all the facts and circumstances, including Hawkins' age, the sentences imposed were not excessive.
 
 
 12
 The final claims made below[4] relate to the trial judge's determination that sentences fixed by the jury must be served consecutively. Hawkins makes numerous due process and other arguments on the subject. He contends that: the trial judge had no power to order consecutive sentences because Okla.Stat.Ann. tit. 22, § 926, prescribes that the jury must assess punishment; the statute created a liberty interest which the trial judge violated; and that he was denied his constitutional right to notice that the judge had a power not specified in the statute. He also suggests that the procedure deprived him of his right to be tried by a jury.
 
 
 13
 These arguments were not raised on direct appeal. To the contrary, Hawkins' counsel conceded that the trial judge had the power under state law to require service of sentences consecutively. His only argument was that the trial judge abused his discretion. No constitutional issue was raised.[5] Brief of Appellant in the Court of Criminal Appeals at 21, R.Supp. Vol. I.
 
 
 14
 The Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman v. Thompson, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509 (1982); Castille v. Peoples, 489 U.S. 346 (1989); 28 U.S.C. § 2254(b) (codifying the rule). A district court must dismiss mixed petitions--those containing both exhausted and unexhausted claims, Rose v. Lundy, 455 U.S. at 510, 522, unless the petitioner amends the petition to delete the unexhausted claims. But there is a substantial risk that deleted claims might be barred by abuse of the writ rules from being raised in a subsequent federal habeas petition.
 
 
 15
 "An exception [to the exhaustion requirement] is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); White v. Meachum, 838 F.2d 1137, 1138 (10th Cir.1988). The exhaustion rule, for instance, "does not apply if the petitioner ... would now find the claims procedurally barred." Coleman v. Thompson, 111 S.Ct. at 2557 n. 1.
 
 
 16
 Oklahoma law provides a procedure for seeking postconviction relief. Okla.Stat.Ann. tit. 22, § 1080; Okla.R.Crim.App. 5.4, Okla.Stat.Ann. tit. 22, Chap. 18, App. However, authority exists to the effect that a postconviction petitioner in Oklahoma is barred from asserting any claims which had been or could have been raised in the petitioner's direct appeal. Hale v. State, 807 P.2d 264, 266-67 (Okla.Crim.App.), cert. denied, 112 S.Ct. 280 (1991); Coleman v. State, 693 P.2d 4, 5 (Okla.Crim.App.1984); Okla.Stat.Ann. tit. 22, § 1086. See Coleman v. Saffle, 869 F.2d 1377, 1382-83 (10th Cir.1989).
 
 
 17
 Thus, a strong argument could be made that Hawkins' claims are in fact exhausted. But we do not choose to predict what the state courts will do in this case.[6] Hawkins' state proceedings have been limited to a direct appeal, resulting in a 2-1 decision. Perhaps the state courts may apply some exception to allow review. And, upon reflection, Hawkins may wish to add in state court to the claims raised in his federal habeas proceeding. In fact, he would be well advised to include in his state proceedings all available claims.
 
 
 18
 We must also consider the question of waiver. The state has not raised the nonexhaustion defense, and in fact has represented that the claims raised in Hawkins' petition (not those raised in the traverse) have been exhausted. R.Vol. I, tab 6, at 2. We hold that the defense of nonexhaustion may be raised sua sponte either by this court or by the district courts. See Granberry v. Greer, 481 U.S. 129, 133-34 (1987). The rationale for this holding is found in the Supreme Court's discussion in Coleman v. Thompson, 111 S.Ct. at 2554-55, of the exhaustion doctrine and the habeas role of federal courts. This court's recent opinion in Hardiman v. Reynolds, 971 F.2d 500 (10th Cir.1992), reflects that rationale. In Hardiman we held that we may sua sponte raise the defense of procedural bar, and we drew a parallel between the doctrines of procedural bar and exhaustion. Both involve important comity considerations, and "values that transcend those of the parties." Id. at 503 n. 4.
 
 
 19
 There is a final important reason why Hawkins' petition should be dismissed without prejudice and refiled anew. The district court did not undertake a full Eighth Amendment proportionality review of Hawkins' sentence, taking into account his age, developmental age, lack of a prior record, gravity of the offense, harshness of the penalty, comparative sentences (if deemed appropriate), and so on. See Harmelin v. Michigan, 111 S.Ct. 2680 (1991); Solem v. Helm, 463 U.S. 277 (1983); Rummel v. Estelle, 445 U.S. 263 (1980); United States v. Easter, slip op. no. 91-6103, at 13-14 (10th Cir. Dec. 10, 1992) (discussing Harmelin v. Michigan, 111 S.Ct. 2680 (1991), and Solem v. Helm, 463 U.S. 277 (1983)). Cf. Thompson v. Oklahoma, 487 U.S. 815 (1988); Stanford v. Kentucky, 492 U.S. 361 (1989). The necessity of an adequate record for review on this issue is sufficiently great that if we had not remanded for dismissal on nonexhaustion grounds, we would have remanded for further development of the proportionality issue. In that regard we would have suggested the appointment of an attorney for Hawkins.
 
 
 20
 For the reasons stated above, we REMAND this case to the district court with instructions to DISMISS Hawkins' petition, without prejudice, on the grounds that he has not exhausted all of his claims in state court.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We have supplemented the record, on our own motion, with the briefs filed by Hawkins and the state in the Court of Criminal Appeals
 
 
 [2]
 In view of our disposition of this case it is unnecessary for us to pursue the question of whether the state court decision on this issue rested on an adequate and independent state ground
 
 
 [3]
 The state erroneously asserts in its brief in this court that Hawkins did not raise his Eighth Amendment excessive punishment claim in the district court. The claim is clearly set forth in Hawkins' habeas petition as the second ground, and it was addressed by the magistrate judge and by the district court
 
 
 [4]
 As indicated above, Hawkins raised this claim in his traverse to the state's response to the habeas petition. It was addressed in detail by the magistrate judge, R.Vol. 1, tab 8, at 4-5, and in Hawkins' objection to the report, but was not addressed by the district court. The claim is pursued at great length on appeal. We may recognize a claim raised in a petitioner's traverse or brief in the district court. Cf. Hopkinson v. Shillinger, 866 F.2d 1185, 1217 (10th Cir.1989), reh'g granted on other grounds, 888 F.2d 1286 (10th Cir.1989), cert. denied, 110 S.Ct. 3256 (1990)
 
 
 [5]
 Among his many arguments on the subject, Hawkins also refers to abuse of discretion. Traverse at 2, R.Supp.Vol. I. By itself abuse of discretion by a state trial judge does not raise a constitutional issue cognizable on federal habeas review
 [I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States. 28 U.S.C. § 2241....
 Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). See Medina v. California, 112 S.Ct. 2572, 2576 (1992); Lewis v. Jeffers, 497 U.S. 764, ---- (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Nichols v. Sullivan, 867 F.2d 1250, 1253 (10th Cir.), cert. denied, 490 U.S. 1112 (1989); Brinlee v. Crisp, 608 F.2d 839, 843 (10th Cir.1979), cert. denied, 444 U.S. 1047 (1980).
 
 
 [6]
 If we were to determine that Hawkins' claims are partially exhausted due to futility arising from waiver or some other independent bar in state court, then we, or the district court on remand, would be obliged to find that such claims are procedurally barred and consider whether cause and prejudice or the miscarriage of justice exception can be established. Coleman v. Thompson, 111 S.Ct. at 2557 n. 1. The failure of the state to raise the defense of procedural bar does not prevent such a review. Hardiman v. Reynolds, 971 F.2d 500, 502-05 (10th Cir.1992)