Dear Representative Askins,
¶ 0 This office has received your request for an Attorney General Opinion in which you ask the following question:
Are the costs associated with the issuance of a protectiveorder collectible in the same manner as costs assessed in acriminal case?
 COSTS IN A CRIMINAL PROCEEDING
¶ 1 Costs in criminal cases are assessed pursuant to 28 O.S.1991, § 101[28-101], which states that "all costs in the prosecution of all criminal actions shall, in case of conviction of the defendant, be adjudged a part of the penalty of the offense." If the defendant refuses to pay the costs, payment will be enforced by imprisoning him or her, "at a rate of Five Dollars ($5.00) per day," until the costs are paid. Id. The phrase "all costs in the prosecution of all criminal actions" includes "[c]ourt clerk's costs and fees authorized by statute." Id.
 ISSUANCE OF PROTECTIVE ORDERS
¶ 2 Your question asks, in effect, whether the proceeding in which a protective order is issued is criminal in nature. To answer this question, reference must be made to the statutory provisions that control the issuance of protective orders. The Oklahoma Statutes contain two sections on protective orders, both in Title 22 on criminal procedure. The first is the Protection from Domestic Abuse Act at 22 O.S. 1991 and Supp. 1998, §§60-60.11. Next, there is 22 O.S. Supp. 1998, § 40.3[22-40.3](C), which provides the means for an emergency temporary order of protection upon a warrantless arrest.
¶ 3 The Protection from Domestic Abuse Act ("the Act") authorizes protective orders and includes the awarding of court costs. 22 O.S. Supp. 1998, § 60.2[22-60.2](C). Section 60.2(C) allows the court to assess court costs and filing fees to either party at the hearing on the petition for a protective order. The question of whether these costs are collectible in the same manner as those assessed in a criminal case might easily be answered if the issuance of a protective order under the Act were criminal in nature. According to Oklahoma case law, however, the issuance of a protective order is not a "criminal" action.
¶ 4 Though the Act is codified in the Oklahoma Statutes under Title 22 which is on criminal procedure, the court in Marquettev. Marquette, 686 P.2d 990 (Okla.Ct.App. 1984) found the Act, and the remedy provided by the Act — a protective order — to be civil in nature. Id. at 993. The Court reasoned that a criminal act is one prosecuted by the State as a party, against a person charged with a crime; every other action is civil. Id.
The Court further stated that the only "criminal" aspect of the Act is the penalty provision in Section 60.6, which states that any person who is served with a protective order and violates it, upon conviction shall be guilty of a misdemeanor. Id. at 994. The civil and criminal differences in the issuance and violation of a protective order were also noted in Holt v. State,774 P.2d 476, 477-78 (Okla.Crim.App. 1989), in which the Court held a violation of a protective order issued under Section 60.6 of Title 22 constitutes a crime, but the issuance of a protective order is civil in nature.
¶ 5 The second provision that deals with protective orders is22 O.S. Supp. 1998, § 40.3[22-40.3]. Section 40.3 provides that when a warrantless arrest has been made against a person who has committed an act of domestic abuse, as defined by 22 O.S. Supp.1998, § 60.1[22-60.1](1), the victim may request a petition for an emergency order of protection. 22 O.S. Supp. 1998, § 40.3[22-40.3](C). The statute requires the petition to be in substantially the same form as a Section 60.2 protective order. Because the victim, a private party, is bringing the action against another private party, this section would fall under the Marquette holding; thus an emergency temporary order of protection would also be civil in nature. Since your question asks only about costs associated with the issuance of a protective order, it is not necessary to address the criminal aspects of a protective order.[1]
 ¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral, that:
 The costs associated with the issuance of a protective orderpursuant to the Protection from Domestic Abuse Act, 22 O.S.1991 and Supp. 1998, §§ 60-60.11, specifically at 22 O.S.Supp. 1998, § 60.2(C), and under 22 O.S. Supp. 1998, §40.3(C), are not collectible in the same manner as costsassessed in a criminal case because the issuance of aprotective order is civil in nature.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOSEPH L. McCORMICK IV ASSISTANT ATTORNEY GENERAL
[1] Although both Sections 60.1 and 40.3(C) provide for the assessment of attorneys fees by the judge, since the issuance of a protective order is civil, as opposed to criminal, costs may not be collected in the same manner as in a criminal proceeding. The conclusion reached herein in this Opinion might be different if your question asked about the violation of a protective order, which is criminal in nature.